UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BERTELSMANN SE & CO., KGAA;<br>PENGUIN RANDOM HOUSE, LLC,<br>VIACOMCBS, INC., and SIMON &<br>SCHUSTER, INC.,<br><br>*Defendants*. | Case No. 1:21-cv-02886-FYP |

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Plaintiff, United States of America ("United States"), and Defendants, Bertelsmann SE & Co., KGaA, Penguin Random House, LLC, ViacomCBS, Inc., and Simon & Schuster, Inc., (collectively "Defendants"), respectfully move this Court, pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), to enter the Stipulated Protective Order, which is attached as Exhibit 1. The Stipulated Protective Order ("Order") is aimed at ensuring an efficient and prompt resolution of this action and protecting information of the Parties and non-Parties from improper disclosure. This Order is designed to facilitate discovery in preparation of trial and does not cover how confidential information will be handled at trial.

1

## JOINT STATEMENT OF GOOD CAUSE

Federal Rule of Civil Procedure 26(c) provides,

> [u]pon a motion by a party . . . and for good cause shown, the court . . . may make an order which justice requires to prevent a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (E) designating the persons who may be present while the discovery is conducted; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Fed. R. Civ. P. 26(c). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984). To show good cause for a protective order, the Parties must show a "'clearly defined and serious injury' resulting from the discovery sought." *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (citing *Cipollone v. Liggett Group, Inc.*, 106 F.R.D. 573, 583 (D.N.J. 1985); *Koster v. Chase Manhattan Bank*, 93 F.R.D. 471, 479 (S.D.N.Y. 1982)).

The United States and Defendants jointly agree that there is good cause for the Court to enter a protective order that "designat[es] the persons who may be present while the discovery is conducted" and "require[es] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). The Department of Justice Antitrust Division has investigated the proposed transaction at issue in this matter since December 2020, and has gathered highly confidential information from non-Parties and Defendants. Such information includes strategy documents from senior executives and board members of competitors and recent bidding information for books, among

other information. Similarly, discovery in this Action will include recent or current: negotiations, terms, and conditions of publishing rights; pricing information; financial information, including sales and profits; the content of and strategy related to current and past business dealings; strategic planning information; and board materials and presentations.

As such, it is necessary to limit access of the information sought in discovery and limit the way confidential and commercial information is revealed because the nature of the information is so competitively sensitive that its dissemination could lead to competitive or commercial harm to the Defendants, authors, publishers, literary agents, and others involved in the book publishing business. This Order allows Defendants and non-Parties to comply with discovery without risking their sensitive business strategies and secrets becoming known to their competitors.

## CONCLUSION

For the reasons stated above, the United States and Defendants respectfully request that the Court grant this motion and enter the Order that is attached hereto as Exhibit 1.

Dated: November 16, 2021

Respectfully submitted,


/s/   John R. Read
John R. Read (DC Bar #419373)
Sarah H. Licht (DC Bar #1021541)
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Fax: (202) 514-7308
Email: john.read@usdoj.gov

*Attorneys for the United States*

/s/  Daniel M. Petrocelli
Daniel M. Petrocelli (appearing *pro hac vice*)
M. Randall Oppenheimer (appearing *pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
dpetrocelli@omm.com
roppenheimer@omm.com

Andrew J. Frackman (appearing *pro hac vice*)
Abby F. Rudzin (*pro hac vice* forthcoming)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
Telephone: (212) 326-2000
afrackman@omm.com
arudzin@omm.com

Courtney Dyer (D.C. Bar No. 490805)
Julia Schiller (appearing *pro hac vice*)
O'MELVENY & MYERS LLP
1625 Washington, D.C. 20006
Telephone: (202) 383-5300
cdyer@omm.com
jschiller@omm.com

*Attorneys for Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC*

 */s/* Stephen Fishbein
Stephen Fishbein (appearing *pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848 4000
sfishbein@shearman.com

Ryan Shores (D.C. Bar No. 500031)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com

*Attorneys for Defendants ViacomCBS, Inc. and Simon & Schuster, Inc.*