UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BERTELSMANN SE & CO., KGAA; PENGUIN RANDOM HOUSE, LLC, VIACOMCBS, INC., and SIMON & SCHUSTER, INC.,**<br><br>*Defendants*. | Case No. 1:21-cv-02886-FYP |

**STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), **ORDERS** as follows:

A.  **Definitions**

   1. As used herein:

2

(a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c) "Highly Confidential Information" means any Confidential Information which the Protected Person reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

(d) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(f) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice.

(g) "Investigation Materials" means non-privileged documents, including but not limited to data, declarations, affidavits, statements, testimony, business records, emails or other communications, electronically stored information or other materials (including drafts), that(i) any non-Party provided to any Party, either voluntarily or under compulsory process relating to the Investigation; (ii) any Party provided to any non-Party relating to the Investigation; or (iii) any Defendant, or affiliated person or entity provided to Plaintiff relating to the Investigation.

(h) "Litigation Materials" means non-privileged documents, including but not limited to data, declarations, affidavits, statements, testimony, business records, emails or other communications, electronically stored information or other materials (including drafts), that (i) any non-Party provides to any Party either voluntarily or under compulsory process in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any non-Party in connection with and during the pendency of this Action; (iii) any Defendant provides to Plaintiff in connection with and during the pendency of this Action; and/or (iv) Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(i) "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(j) "Party" means the United States or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

(k) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(l) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides Litigation Materials.

**B.      Designation of Confidential Information or Highly Confidential Information**

2. Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. DESIGNATION OF INVESTIGATION MATERIALS. Investigation Materials submitted by a Protected Person shall be treated in the first instance as Highly Confidential Information under this Order during pretrial proceedings. Such material may be disclosed only in accordance with the procedures set forth in this Order. The confidentiality of such materials may be later challenged under the provisions of Section C below. This Order does not require any Party to stamp or otherwise mark Investigation Materials as Highly Confidential, provided that the Investigation Materials are produced in electronic format on a disk or other medium, and the Party designates the disk or other medium as "Highly Confidential."

4. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential or Highly Confidential Information, it may, within 10 business days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will not be provided to other Persons until the Court has ruled.

5. DESIGNATION OF LITIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential any information that they disclose in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a) <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the

5

deponent (or the deponent's counsel, if applicable).  Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent.  Within 21 days following receipt of the final transcript, the deponent may designate as Confidential or Highly Confidential any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer.  To be effective, such designations must be provided in writing to Plaintiff's and Defendants' counsel listed at the end of this Order.  Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 5(a) shall not be treated as Confidential or Highly Confidential, despite any prior designation of confidentiality.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential or Highly Confidential, the Party that asked such questions shall designate as Confidential or Highly Confidential the portion of the transcript relating to such Confidential or Highly Confidential document or information.

(b) <u>Documents</u>.  A Protected Person who designates as Confidential Information any document that it produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.  Likewise, a Protected Person who designates as Highly Confidential Information any document that they produced in this Action must stamp or otherwise mark each page containing Highly Confidential Information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.

(c) <u>Electronic Documents and Data</u>.  Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Highly Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files.  Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium.  Likewise, where Highly Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Highly Confidential Information, the "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium.  When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 9(g), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and include the production number and designation associated with the native file.

(d) Each Defendant represents that any materials that the Defendant previously provided to the U.S. Department of Justice during the Investigation that the Defendant designated as Confidential or Highly Confidential, including but not limited to testimony, documents, and electronic documents and data, constitutes Confidential Information or Highly

7

Confidential Information, as defined in subparagraphs 1(b) and 1(c) of this Order, and the Defendant hereby designates it as such.

(e) Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena. Non-Parties may designate materials as Confidential or Highly Confidential pursuant to the procedures in this paragraph.

6. Any production of documents or testimony not designated as Confidential or Highly Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly confidential. If at any time prior to the trial of this Action, a Protected Person realizes that it should have designated as Confidential or Highly Confidential any Investigation Materials or Litigation Materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials or Litigation Materials pursuant to the Protected Person's new designation under the terms of this Order. No prior disclosure of newly designated Confidential or Highly Confidential Information shall violate this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

7. In the event of a disclosure of any Confidential or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all

reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

**C.** **Challenges to Confidential or Highly Confidential Designation**

8. Any Party who objects to any designation of confidentiality may at any time before the trial of this Action provide a written notice to the Protected Person who made such designation and all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute. If the objecting Party and the Protected Person cannot reach agreement on the objection within five business days of the Party's written notice, the Protected Person may address the dispute to this Court by filing a motion seeking an order upholding the designation(s) within five business days of the impasse having been reached between the Protected Person and the objecting Party. The Protected Person bears the burden of persuading the Court that the material is Confidential Information within the definition set forth in paragraph 1(b) or Highly Confidential Information within the definition set forth in paragraph 1(c). The designated information shall be treated in accordance with its Confidential or Highly Confidential Information designation under this order until the Court rules on the designating Protected Person's timely filed motion. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information or Highly Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as

Confidential Information or Highly Confidential Information under this Order. This Order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.**     **Disclosure of Confidential or Highly Confidential Information**

9. Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) counsel for the Plaintiff and its attorneys, paralegals and other professional personnel (including support and IT staff), and agents or independent contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action, and agents or independent contractors retained by the Defendants to assist in this Action, whose functions require access to the information;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(e) any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f)  persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g)  any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto;

(h)  outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and

(i)  one in-house attorney for each Defendant, not involved in business decisions, whose name shall be disclosed to the U.S. Department of Justice at least five business days prior to the effective date of such designation and who shall be agreed upon by the parties or (in the absence of agreement) ordered by the Court, provided that the in-house attorney shall first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto. To the extent a Defendant seeks to change the in-house attorney that may receive access to Confidential Information, the Defendant must provide notice to Plaintiff at least 10 business day prior to the effective date of such change.

10. Highly Confidential Information may be disclosed only to the persons set forth in Section D.9(a)-(h) above.

11. Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Appendix A attached hereto for a period of at least one year following the final resolution of this Action.

12. Each individual described in paragraphs 9 and 10 of this Order to whom information designated as Confidential Information or Highly Confidential Information is disclosed must not disclose that Confidential or Highly Confidential Information to any other individual, except as provided in this Order.

13. Nothing in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as confidential or highly confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

14. Nothing in this Order:

    (a)  limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

    (b)  prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c) prevents disclosure of Confidential or Highly Confidential Information by any party to any current employee or corporate representative of the Protected Party that designated the Confidential or Highly Confidential Information.

(d) prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(e) prevents Plaintiff's retention or use or disclosure of Investigation Materials outside the context of this Action to the extent permitted by applicable law or regulation governing such pre-complaint discovery including the Hart-Scott-Rodino Act, 15 U.S.C. § 18a, and the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-14, or for law enforcement purposes, or as required by law, court order or regulation.

**E.**     **Use of Information Designated Confidential or Highly Confidential in This Action**

15. If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must obtain a Court order to file such Confidential or Highly Confidential Information under seal, in accordance with Local Rule 5.l(h).  A request for the Court to allow filing under seal shall include the proposed redactions.  If this Court grants leave to file the document under seal, the filing Party shall file with the Clerk of this Court a redacted version of the filing.  Nothing in this Order shall restrict

the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

16. Disclosure at trial of documents and testimony and other materials designated as Confidential Information or Highly Confidential Information will be governed pursuant to Court order. The Parties shall meet and confer and submit a recommended order outlining those procedures as set out in the Scheduling and Case Management Order for this Action and any amendment thereto. Absent a ruling by the Court to the contrary, documents or deposition testimony, or other materials or information designated as Confidential Information or Highly Confidential Information by a Protected Person that appear on an exhibit list or in deposition designations, that are admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record, after compliance procedures established by this Court.

17. Subject to paragraphs 13 and 14, all Confidential Information or Highly Confidential Information produced by a Party or a non-Party as part of this proceeding shall be used solely for the conduct of this action and shall not be used for any business, commercial, competitive, personal, or other purpose.

F. **Procedures upon Termination of This Action**

18. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential or Highly Confidential Information must either make a good faith effort to return

such material and all copies thereof to the Protected Person (or the Protected Person's counsel, if represented by counsel) that produced it, or destroy or delete all such Confidential or Highly Confidential Information and certify that fact in writing to the Party or Protected Person. Counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential or Highly Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted herein.  All Confidential or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph.  Nothing in this Paragraph, however, restricts the rights of the Parties under paragraphs 13 and 14 of this Order.

**G.** **Right to Seek Modification**

19.  Nothing in this Order limits any Person, including members of the public, a Party or a Protected Person, from seeking further or additional protections of any of its materials or any other type of modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

**H.** **The Privacy Act**

20.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

I.     **Persons Bound by This Order**

21.  This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**SO ORDERED.**

                                              Florence Y. Pan
                                              United States District Court Judge

Date: November 17, 2021

**AGREED TO:**

Dated: November 16, 2021

/s/ John R. Read
_____
John R. Read (DC Bar #419373)
Sarah H. Licht (DC Bar #1021541)
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Fax: (202) 514-7308
Email: john.read@usdoj.gov

*Attorneys for the United States*

/s/ Daniel M. Petrocelli
_____
Daniel M. Petrocelli (appearing *pro hac vice*)
M. Randall Oppenheimer (appearing *pro hac vice*)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
dpetrocelli@omm.com
roppenheimer@omm.com

16

Andrew J. Frackman (appearing pro hac vice)
Abby F. Rudzin (pro hac vice forthcoming)
O'MELVENY & MYERS LLP
Seven Times Square
New York, NY 10026
Telephone: (212) 326-2000
afrackman@omm.com
arudzin@omm.com

Courtney Dyer (D.C. Bar No. 490805)
Julia Schiller (appearing *pro hac vice*)
O'MELVENY & MYERS LLP
1625 Washington, D.C. 20006
Telephone: (202) 383-5300
cdyer@omm.com
jschiller@omm.com

*Attorneys for Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC*

/s/ Stephen Fishbein
_____

Stephen Fishbein (appearing *pro hac vice*)
SHEARMA & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848 4000
sfishbein@shearman.com

Ryan Shores (D.C. Bar No. 500031)
SHEARMAN & STERLING LLP
401 9th Street, NW, Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8108
ryan.shores@shearman.com

*Attorneys for Defendants ViacomCBS, Inc. and Simon & Schuster, Inc*

## APPENDIX A

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                *Plaintiff*,

v.

BERTELSMANN SE & CO., KGAA; PENGUIN RANDOM HOUSE, LLC, VIACOMCBS, INC., and SIMON & SCHUSTER, INC.,

                *Defendants*.

### AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

    1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

    2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE