## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA |
| *Plaintiff*, |
| v. |
| BERTELSMANN SE & CO. KGaA, PENGUIN RANDOM HOUSE, LLC, VIACOMCBS, INC., and SIMON & SCHUSTER, INC. |
| *Defendants*. |

Civil Action No. 1:21-cv-02886-FYP

### [JOINT PROPOSED] SCHEDULING AND CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.3, Plaintiff United States of America and Defendants Bertelsmann SE & Co. KGaA, Penguin Random House, LLC, ViacomCBS Inc., and Simon & Schuster, Inc. have met and conferred, and hereby submit this Scheduling and Case Management Order to the Court. The parties have premised the terms of the Case Management Order on a trial beginning on August 1, 2022. The parties agree to meet and confer in good faith on a revised order if the Court is unable to schedule trial beginning on that date.

**I.      Service of Complaint**.

Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

**II.      Jurisdiction and Venue**.

Defendants consent to personal jurisdiction and venue in this Court.

1

III.    **Local Rule 16.3(c) Matters**.

1.      <u>Dispositive Motions</u>.  Due to the compressed schedule before trial, the parties have agreed that no case dispositive motions will be filed in this action.

2.      <u>Amended Pleadings; Agreed or Narrowed Issues</u>.  *See* the parties' proposed case schedule.

3.      <u>Consent to Magistrate Judge</u>.  The parties do not believe at this time that this matter should be assigned to a magistrate judge for all purposes, including trial.

4.      <u>Settlement</u>.  The parties have discussed settlement but have not been able to settle the matter.

5.      <u>ADR</u>.  The parties do not believe that this case would benefit from some form of alternative dispute resolution.

6.      <u>Summary Judgment</u>.  The parties have agreed not to file motions for summary judgment due to the compressed schedule.

7.      <u>Initial Disclosures</u>.  The parties have agreed to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1) and instead will produce the Investigation Materials pursuant to the terms below.

8.      <u>Discovery</u>.  *See* the parties' discovery plan and proposed case schedule below.

9.      <u>ESI Issues</u>.  *See* the parties' discovery plan and proposed case schedule below.

10.     <u>Privilege Claims</u>.

*Privilege Logs*:  The parties have agreed that the following privileged or otherwise protected communications may be excluded from privilege logs:

(1)     documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel);

2

(2)  documents or communications sent solely between counsel for the United States (or persons employed by or acting on behalf of the United States Department of Justice);

(3)  documents or communications sent solely between outside counsel for a Defendant and inside counsel for that Defendant;

(4)  documents or communications sent solely between outside counsel for a Defendant (or persons employed by or acting on behalf of such counsel) and employees or agents of that Defendant;

(5)  documents relating exclusively to the preparation of request for or responses to any Second Request or Civil Investigative Demand;

(6)  draft regulatory or litigation filings; and

(7)  non-responsive documents that would only enter the production as part of a document family.

When a privileged document is withheld from production, the parties will insert a placeholder to indicate the document has been withheld. If the withheld privileged document is part of a responsive document family, the parties will insert a placeholder to indicate the document has been withheld from that family. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that particular document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

*Inadvertent Production of Privileged or Work-Product*: Pursuant to Federal Rule of Evidence 502(d), the production of a document or information subject to a claim of attorney-client privilege, work-product immunity, or any other privilege or immunity under relevant federal case law and rules does not waive any claim of privilege, work product, or any other

ground for withholding production to which the party producing the documents or information otherwise would be entitled, provided that (a) the production was inadvertent; (b) the party producing the documents or information used reasonable efforts to prevent the disclosure of documents or information protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity; and (c) the party producing the documents or information promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

11.    Expert Witnesses. *See* the parties' discovery plan and proposed case schedule below.

12.    Class Actions. This is not a class action.

13.    Bifurcation. The parties do not propose bifurcating or phasing a trial and/or discovery at this time.

14.    Pretrial Conference. *See* the parties' proposed case schedule.

15.    Trial Date. *See* the parties' proposed case schedule.

16.    Other Matters. *See* sections below.

## IV.    Case Schedule.

Unless otherwise specified, days will be computed according to Federal Rule of Civil Procedure 6(a).

| Event | Timing |
|---|---|
| Fact Discovery Begins | Date this Order is signed |
| Parties exchange Investigation Materials not subject to an objection under the terms of the Protective Order | Friday, December 10, 2021 |
| Answers to Complaint due | Tuesday, December 14, 2021 |
| Parties meet and confer on whether some or all the factual and legal issues can be agreed upon or narrowed | Tuesday, December 14, 2021 |

| | |
|---|---|
| Date by which any other parties shall be joined or the pleadings amended | Friday, December 17, 2021 |
| Each side exchanges preliminary trial fact witness lists | Friday, February 4, 2022 |
| Each side exchanges designations of all experts that it intends to call in its respective case-in-chief and defense case, along with a brief statement of the subject matter on which the expert will testify | Friday, February 4, 2022 |
| Each side exchanges final trial fact witness lists | Friday, March 18, 2022 |
| Each side exchanges designations of all experts that it intends to call in its rebuttal, along with a brief statement of the subject matter on which the expert will testify | Friday, March 18, 2022 |
| Close of Fact Discovery | Friday, April 15, 2022 |
| Initial Expert Report(s) on the issues on which the party bears the burden | Wednesday, April 20, 2022 |
| Rebuttal Expert Report(s) to the Initial Expert Report(s) | Friday, May 20, 2022 |
| Reply Expert Report(s) to the Rebuttal Expert Report(s) | Thursday, June 9, 2022 |
| Each side exchanges exhibit lists and opening deposition designations | Wednesday, June 15, 2022 |
| Close of Expert Discovery | Tuesday, June 21, 2022 |
| Each party informs non-party of all confidential documents produced by non-party that are on that party's exhibit list and all confidential deposition testimony of that non-party that have been designated by any party | Tuesday, June 21, 2022 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and its deposition counter-designations | Wednesday, June 22, 2022 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations | Friday, June 24, 2022 |
| Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | Friday, July 1, 2022 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | Friday, July 1, 2022 |
| Parties meet and confer regarding disputes about confidentiality of party documents on trial exhibit lists | Friday, July 1, 2022 |

| | |
|---|---|
| Parties and non-parties meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions | Wednesday, July 6, 2022 |
| Motions *in limine* to be filed | Friday, July 8, 2022 |
| Oppositions to motions *in limine* to be filed | Wednesday, July 13, 2022 |
| Replies in support of motions *in limine* to be filed | Friday, July 15, 2022 |
| Each side's pretrial briefs to be filed | Friday, July 15, 2022 |
| Joint pretrial statement to be filed | Friday, July 15, 2022 |
| Final pretrial conference | To be decided by the Court |
| Trial begins | Monday, August 1, 2022 |

## V.        F.R.C.P. 26(f) Discovery Plan.

### 1.        Electronically Stored Information (ESI).

The parties shall produce all documents and ESI in accordance with the Department of Justice's Standard Specifications for Production of ESI, except when producing documents and ESI received from non-parties.

### 2.        Protective Order and Discovery of Confidential Information.

On November 17, 2021 the Court entered the parties' Stipulated Protective Order at Dkt. No. 38 (the "Protective Order").

Discovery and production of confidential information will be governed by the Protective Order. When sending discovery requests, notices, and subpoenas to non-parties, the parties must include copies of the Protective Order.

### 3.        Interview Memoranda.

The parties agree that neither Defendants nor the United States must preserve or produce in discovery internal memoranda that were not directly or indirectly furnished to any non-party authored by Defendants' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States). The

parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not otherwise produced in compliance with section 14.

4.      **Witness Lists**.

The United States is limited to 35 persons (excluding experts) on its preliminary trial witness list, and Defendants collectively are limited to 35 persons (excluding experts) on their preliminary trial witness list. The preliminary witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness. At the same time as the exchange of the parties' preliminary trial fact witness lists, the parties will exchange designations of all experts that they intend to call in their respective case-in-chief and defense case, along with a brief statement of the subject matter on which the expert will testify.

The United States is limited to 30 persons (excluding experts) on its final trial witness list, and Defendants collectively are limited to 30 persons (excluding experts) on their final trial witness list. Each witness for which a side offers deposition designations to be offered at trial must be included as a witness on that side's final trial fact witness list, and this designation shall count against the limit. Each side's final trial witness list may identify no more than 7 fact witnesses that were not identified on that side's preliminary trial witness. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness. At the same time as the exchange of the parties' final trial fact witness lists, the parties will exchange designations of all

rebuttal experts that they intend to call, along with a brief statement of the subject matter on which the expert will testify.

In preparing preliminary trial witness lists, final trial witness lists, and expert designations, the parties must make good-faith attempts to identify the witnesses (including expert witnesses) whom they expect that they may present as live witnesses at trial other than solely for impeachment. No party may call a person to testify as an expert or a fact witness at trial, either live or by deposition designation, unless (a) that person was designated as an expert or identified on any party's final trial witness list; (b) all parties agree that that party may call that person to testify; or (c) that party demonstrates good cause for allowing it to call that person to testify, despite that party's failure to designate that person on the final witness list.

### 5. Translation of Foreign Language Documents.

All responsive, non-privileged documents, as well as those redacted for privilege, that are wholly or partially in a language other than English ("foreign language") must be produced by Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC along with enhanced machine translations into English. Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC, will bear the cost of translating all foreign language documents produced from the files of Bertelsmann Individual 1 and Bertelsmann Individual 2 as set out in Attachment A and up to 30,000 additional foreign language documents from the files of other custodians named in Attachment A. The United States will bear the cost of translating any additional documents.

The parties have agreed that the enhanced machine translations provided by KLDiscovery's KLD Translation, a proprietary software system which utilizes neural machine translation for artificial intelligence powered machine translations, are an acceptable form.

Enhanced machine translations need not be produced when a document contains less than 30% foreign language content, as calculated using KLD Language ID which detects language on the sentence level and determines the percentage of foreign language content by analyzing the primary language of each sentence measured against the total sentence count within a document.

In the case of foreign language documents that are produced without an enhanced machine translation because they contain less than 30% foreign language content, Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC have agreed that they will provide an enhanced machine translation to the United States within 5 calendar days of the United States requesting that an enhanced machine translation be produced and providing the Bates numbers of such document(s) to Defendants.

Notwithstanding any other part of this section, enhanced machine translations are not certified translations.

6.    **Exchange of Investigation Materials**.

(a)    **Definitions**.

For purposes of this Order, the following definitions apply:

"Relevant Materials" means (A) documents; (B) data; (C) correspondence; (D) transcripts of testimony; and (E) witness statements, including draft and final versions of declarations and affidavits, draft and final versions of letters, and transcripts.

"Investigation Materials" means non-privileged Relevant Materials that (A) were sent, received, or otherwise obtained by any party (including its counsel) to or from any non-party (including its counsel) before this action was filed; and (B) relate in any way to any review, assessment, or investigation of the likely competitive effects of the Planned Transaction.

Relevant Materials sent or received solely by any party (including its counsel) to or from any potentially or actually retained expert are not "Investigation Materials" and are governed by the schedule for expert disclosures and section 14. Relevant Materials obtained by the United States during an investigation or litigation other than investigation of the Planned Transaction are not "Investigation Materials," and nothing in this Order requires their disclosure, except that the United States will produce per this Order those Relevant Materials from investigations into the publishing industry that overlapped this investigation and related to the assessment of the competitive effects of this transaction. Communications between counsel for the United States or counsel for the parties and any of the following entities are not "Investigation Materials" and nothing in this Order requires their disclosure: (A) foreign competition authorities; (B) state governmental entities; or (C) executive-branch agencies of the federal government.

By agreement, Defendants' "Investigation Materials" are limited to non-privileged Relevant Materials in the files of its in-house and outside counsel.

(b)    **Production**.

The parties have agreed to exchange all Investigation Materials by December 10, 2021, that are not subject to an objection under the terms of the Protective Order, regardless of whether the materials were collected or received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a party collected or received the materials in hard-copy or electronic form, except that (i) the United States need not produce to Defendants the Investigation Materials that it received from any Defendant; and (ii) Defendants need not produce again to the United States the Investigation Materials that they have previously produced to the United States. The parties will not withhold the production of Investigation Materials on the basis that such Investigation Materials are claimed to be attorney

work product, confidential attorney-client communications, or materials subject to the deliberative-process or any other governmental privilege.

7.     **Production of Custodian Materials**.

Defendants have agreed to produce early certain materials created, altered, sent or received on and between January 1, 2018, and November 2, 2021, from custodian files as outlined in Attachment A.

8.     **Written Discovery on Parties**.

(a)     **Document Requests**.

There is no limit on the number of requests for the production of documents that may be served by the parties pursuant to Federal Rule of Civil Procedure 34. The parties must serve any objections to requests for productions of documents within 7 business days after the requests are served. Within 3 business days of service of any objections, the parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. The parties must make good-faith efforts to make rolling productions of responsive productions (to the extent not subject to any objections or custodian issues that have not been resolved), including any portion(s) of responsive productions that are not subject to any objections or custodian issues beginning no later than 21 days after service of the request for production. The parties must make good-faith efforts to complete responsive productions no later than 28 days after service of the request for production. Should any objections or custodian issues remain unresolved for 14 days or more after service of the request for production, the parties must make good-faith efforts to complete such remaining responsive productions no later than 14 days after resolution of such objections or custodian issues.

(b)     **Data Requests**.

In response to any requests where data or data compilations are responsive, the parties will meet and confer in good faith regarding the requests, which includes answering good faith questions with good faith explanations of the content, storage, and productions of available data and/or databases. Throughout the meet-and-confer process, the parties will work in good faith to complete production of data or data compilations, but must employ good-faith efforts to comply with the requests for production no later than 28 days after service of the requests for production, unless otherwise extended by agreement between the parties.

(c)     **Interrogatories**.

Interrogatories pursuant to Federal Rule of Civil Procedure 33 are limited to 10 (including discrete subparts) by the United States to Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC collectively and to 10 (including discrete subparts) by the United States to Defendants ViacomCBS Inc., and Simon & Schuster, Inc. collectively, and to 10 (including discrete subparts) by all four Defendants collectively to the United States. The parties must serve any objections to interrogatories within 7 business days after the interrogatories are served. Within 3 business days of service of any objections, the parties must meet and confer to attempt to resolve the objections. The parties must make good-faith efforts to provide complete answers to interrogatories no later than 28 days after service of the interrogatories.

(d)     **Requests for Admissions**.

Requests for admissions pursuant to Federal Rule of Civil Procedure 36 are limited to 20 by the United States to all four Defendants, collectively, and to 20 by all four Defendants collectively to the United States. Requests for admissions must be sent to each Defendant individually. Requests for admissions relating solely to the authentication or admissibility of

documents, data, or other evidence (which are issues that the parties shall attempt to resolve initially through negotiation) do not count against these limits. The parties must serve any objections to requests for admissions within 7 business days after the request for admission is served. Within 3 business days of service of any objections, the parties must meet and confer to attempt to resolve the objections. The parties must make good-faith efforts to provide a complete response to a request for admission no later than 28 days after service of the request for admission.

9.    **Written Discovery on Non-Parties**.

The parties will in good faith cooperate with each other with regard to any discovery to non-parties in an effort to minimize the burden on non-parties. Each party must serve a copy of any subpoena to a non-party on the other parties at or before the time the subpoena is served on the non-party. Every subpoena to a non-party shall include a cover letter requesting that: (a) the non-party stamp each document with a production number; (b) the non-party identify any applicable confidentiality designation prior to producing it; and (c) the non-party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a non-party fails to provide copies of productions to the other parties, the requesting party shall provide such copies to the other parties, in the format the productions were received by the requesting party, within 3 business days of the requesting party receiving such materials from the non-party. In addition, if a non-party produces documents or electronically stored information that are not Bates-stamped, the requesting party receiving those materials shall work in good faith with the other parties to produce Bates-stamped copies. Each party must provide the other parties with (i) a copy of any written communication (including email) with any non-party concerning the non-party's response to or compliance with any subpoena, including any

extensions or postponements, within 2 business days of the communication; and (ii) a written record of any oral or written modifications to the subpoena, within 2 business days of the modification.

**10.    Depositions**.

Each side is permitted to take the deposition of any witness identified on either side's trial witness lists. In addition, each side is permitted to take up to a maximum of 80 hours of depositions of fact witnesses not identified on either side's trial witness lists.

During non-party depositions, the non-noticing side will receive at least 2 hours of examination time. If a non-party deposition is noticed by both sides, then time will be divided equally between the sides. Any time allotted to one side not used by that side in a non-party deposition may be used by the other side up to a 7-hour maximum limit for the whole deposition.

Notwithstanding any other part of this section, if the United States notices the deposition of a non-party (including any employee of such non-party) to, or with which, a Defendant has made an agreement, offer, or term sheet presented as a proposed remedy to address the United States' concerns about the Planned Transaction, the United States will receive up to 7 hours of examination time for any deposition.

Depositions of a party or third-party organization to be taken under Federal Rule of Civil Procedure 30(b)(6) count towards the above 80-hour maximum.    The United States may issue no more than 2 notices of depositions under Rule 30(b)(6), for a total of 14 hours, to Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC, collectively, and no more than 2 notices of depositions under Rule 30(b)(6), for a total of 14 hours, to Defendants ViacomCBS Inc., and Simon & Schuster, Inc., collectively.   Where a witness testifying on behalf of a

Defendant under Rule 30(b)(6) has also been noticed as a fact witness, the parties shall use reasonable efforts to take both depositions on the same day.

The following depositions do not count against the caps imposed above: (a) depositions of the parties' designated expert witnesses; (b) depositions taken in response to Civil Investigative Demands; and (c) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any party or non-party, provided that such depositions may be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

Any party may depose any person whose deposition was taken pursuant to a Civil Investigative Demand, and the fact that such person's deposition was taken pursuant to a Civil Investigative Demand may not be used as a basis for any party to object to that person's deposition.

The parties will make reasonable efforts to make witnesses available for deposition upon 10 business days' notice. Depositions may be conducted in-person or remotely, taking into account witnesses' personal circumstances and the status of the pandemic. For any party or non-party deposition conducted remotely, the deposition will take place by videoconference. The court reporter will swear the witness remotely by means of the videoconference. As is the case for in-person depositions, the witness may not engage in conversations with counsel or third parties about the witness's testimony while the witness is testifying by instant message, text message, email, or any other means not recorded on the record. For videoconference depositions

where individuals are physically present who are not otherwise the deponent, court reporter, or videographer, the individual will be subject to an additional camera recording of his or her own attendance. No participants other than the court reporter, and videographer if applicable, will record the deposition. The parties will meet and confer in good-faith regarding whether a deposition will be conducted remotely or in-person.

If a party serves a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the party serving those subpoenas must schedule the deposition for a date at least 7 business days after the return date for the document subpoena, and if the party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than 7 business days between the extended production date and the date scheduled for that non-party's deposition, the date scheduled for the deposition must be postponed to be at least 7 business days following the extended production date, unless all other parties consent to fewer than 7 business days.

Notwithstanding any other part of this section, the parties reserve their right to move for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1). The parties also reserve the right to seek from the Court additional deposition time with particular witnesses or a different allocation of time than the allocations that are set forth herein.

## 11.   Discovery from Executive Branch Agencies.

Defendants do not currently intend to seek discovery from any executive-branch agency of the federal government (including any employee of any such agency) and do not currently intend to submit requests under the Freedom of Information Act to any executive-branch agency

of the federal government or take any steps to obtain responses to previously submitted requests until the conclusion of trial.

**12.     Evidence from a Foreign Country**.

Before any party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery.

Each party has agreed that its litigation counsel in this action will accept service by email of a deposition notice or trial subpoena on behalf of the individuals listed in Attachment A who reside or are located outside the United States, plus two additional individuals who are an officer, director, or managing agent of a party and who reside or are located outside the United States, without requiring procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.

Defendants will make the individuals listed in Attachment A who reside or are located outside the United States, plus two additional individuals who are an officer, director, or managing agent of a party and who reside or are located outside the United States, available for deposition.  Unless that individual will be produced by Defendants for deposition in the United States, any deposition of that individual may be conducted via remote means, as described in section 10 of this Order, and any such deposition may be conducted under United States law. For any witness located outside the United States who is served a trial subpoena either directly or through counsel, the parties will negotiate in good faith regarding whether the witness need appear live at trial, by remote means, or through deposition.

For any non-party witness who resides outside the United States and is included on the witness lists of any party, any deposition of that witness may be conducted via remote means, as

described in section 10 of this Order, and any such deposition may be conducted under United States law.

### 13.      Presumptions of Authenticity.

Documents produced by the parties and non-parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

To be clear, the presumption of authenticity does not waive any objections to admissibility other than authenticity that any party may have.

### 14.      Expert Witness Disclosures and Depositions.

If the United States has expert(s) that will opine on relevant markets, likely competitive effects, market shares and concentration, or entry, those expert(s) will file opening initial reports setting forth all the opinions they will express and the basis and reasons for them. If Defendants have expert(s) that will opine on efficiencies or any proposed remedies, those expert(s) will file opening initial expert report(s) setting forth all opinions they will express and the basis and reasons for them.

The parties' agreement to serve their expert witness disclosures on the above topics as part of their initial expert report(s) shall not be used as a basis to argue who bears the burden of proof on these issues.

All initial expert report(s) must contain the items outlined in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi). Any expert report, beyond the initial expert report(s), rebuttal expert report(s), and reply expert report(s) may not be served without leave of court.

Each expert will be deposed for only one (7-hour) day, with all 7 hours reserved for the side noticing the expert's deposition. Depositions of each side's experts will be conducted only after disclosure of all expert reports and all of the materials identified in section 14(B) of this Order for all of that side's experts.

Expert disclosures, including each side's expert reports, must comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by the following.

(A) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or information:

    (i)    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

        (a)    between the United States or any Defendant's counsel and the United States' or the Defendant's own testifying or non-testifying expert(s);

        (b)    between any agent or employee of the United States or Defendant's counsel and the United States or the Defendant's own testifying or non-testifying expert(s);

        (c)    between testifying and non-testifying experts;

        (d)    between non-testifying experts; or

        (e)    between testifying experts;

19

(ii)     any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

(iii)    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

(iv)     drafts of expert reports, affidavits, or declarations; and

(v)      data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

(B) The parties have agreed that the following materials will be disclosed:

(i)      all final reports;

(ii)     a list of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports, including Bates numbers of documents previously produced;

(iii)    copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

(iv)     a list of all publications authored by the expert in the previous 10 years and copies of all publications authored by the expert in the previous 10 years that are not readily available publicly;

(v)      a list of all other cases in which, during the previous 4 years, the expert testified at trial or by deposition, including tribunal and case number; and

(vi)     for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the

20

calculations from the initial ("raw") data files and the intermediate working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations ("Backup Materials").

**15.    Timely Production of Evidence Concerning Remedy**.

Evidence related to a Defendant's attempt to address the United States' concerns about the Planned Transaction, whether by agreeing to divest or license assets or by making any other agreement, offer, or commitment, will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the United States, unless Defendants provide a copy of the agreement, offer, or term sheet, if any, or a summary of the commitment, to the United States by 60 days before close of fact discovery.

Notwithstanding any other part of this Order, if Defendants decide to litigate the lawfulness of the proposed merger with a proposed remedy, the United States will be entitled to additional commensurate discovery.  Because the nature and amount of the additional discovery, including the possible need for additional time to conduct such additional discovery, is unknown at this time, the parties agree to meet and confer in good faith at the time of a proposed remedy to present to the Court a jointly proposed modification to the limitations contained in this Order. If the parties are unable to resolve any dispute related to such modification, they shall jointly email the Court (at Pan_Chambers@dcd.uscourts.gov), providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues.

16.      **Timely Service of Fact Discovery**.

All discovery, including discovery served on non-parties, must be served in time to permit completion of responses by the close of fact discovery.

17.      **Trial Procedures Order, Pretrial Statement, and Pretrial Briefs**.

(a)      **Joint Pretrial Statement**.

The parties shall submit a joint pretrial statement containing:

(1)      the contents outlined in Local Rule 16.5(b);

(2)      a procedure for the prior disclosure of demonstrative exhibits to be used at trial;

(3)      any stipulations of facts agreed upon or proposed by the parties;

(4)      a proposal on the allocation of trial days;

(5)      a recommendation for timing of post-trial briefing and proposed findings of fact and conclusions of law to be filed;

(6)      any cross-designation sought by any other party pursuant to Federal Rule of Evidence 106; and

(7)      any Local Rule 16.5(e) statements of objections to the use of depositions and to the admissibility of exhibits required by Federal Rule of Civil Procedure 26(a)(3), including any objections to an exhibit's authenticity and disputes about confidentiality pertaining to use of party and non-party depositions and documents on exhibit lists.

(b)      **Pretrial Briefs**.

Each side shall also submit separate pretrial briefs of no more than 50 pages:

(1)      incorporating concise statements of law supporting the party's claims or defenses; and

(2)      addressing any unusual issues of fact or evidence not already submitted to the Court; proposed findings of fact and conclusions of law.

**18.    Calculating Response Times**.

For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time.  However, for any service other than service of court filings, email service that is delivered after 5:00 p.m. Eastern Time will be treated as if it was served the following business day.

**19.    Nationwide Service of Trial Subpoenas**.

To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties are permitted, under 15 U.S.C. § 23, to issue nationwide discovery and trial subpoenas from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

**(a) Service of Pleadings and Discovery on Parties**.

Service of all pleadings, discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by ECF if required by applicable rule or otherwise by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

For Plaintiff United States of America:

John R. Read (john.read@usdoj.gov)
Sarah H. Licht (sarah.licht@usdoj.gov)
Jessica N. Leal (jessica.leal@usdoj.gov)

23

U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 307-0468

For Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC:

Daniel M. Petrocelli (dpetrocelli@omm.com)
M. Randall Oppenheimer (roppenheimer@omm.com)

O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 246-6850

Andrew J. Frackman (afrackman@omm.com)
Abby F. Rudzin (arudzin@omm.com)
Eamonn W. Campbell (ecampbell@omm.com)

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Julia Schiller (jschiller@omm.com)

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

Debbie Feinstein (Debbie.Feinstein@arnoldporter.com)

Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-6594

For Defendants ViacomCBS Inc. and Simon & Schuster, Inc.:

Stephen Fishbein (sfishbein@shearman.com)
Jessica Delbaum (jdelbaum@shearman.com)

Shearman & Sterling LLP
599 Lexington Avenue

New York, NY 10022
Telephone: (212) 848-4815

Ryan Shores (ryan.shores@shearman.com)
Michael Mitchell (michael.mitchell@shearman.com)

Shearman & Sterling LLP
401 9th Street NW
Suite 800
Washington, DC 20004

Rachel Mossman (rachel.mossman@shearman.com)

Shearman & Sterling LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201

(b) **Completion of Planned Transaction**.

Defendants have agreed that they will not close, consummate, or otherwise complete the Planned Transaction until 12:01 a.m. on the tenth (10th) day following the entry of the judgment by the Court, and only if the Court enters an appealable order that does not prohibit consummation of the transaction. For purposes of this Order, "Planned Transaction" means the proposed acquisition of Simon & Schuster, Inc. by Penguin Random House, LLC contemplated by Defendants' Share Purchase Agreement dated November 24, 2020.

(c) **Modification of Scheduling and Case Management Order**.

Modifications of the rights and responsibilities of the parties under this Order may be made by mutual agreement of the parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates. Otherwise, any party may seek modification of this Order for good cause.

SO ORDERED:

_____
Honorable Florence Y. Pan
United States District Judge

Dated: _____, 2021

**Attachment A**

Bertelsmann and Penguin Random House have agreed to produce non-privileged documents from the following individuals' files by producing documents created, altered, sent, or received on and between January 1, 2018 and November 2, 2021, through the use of the technology assisted review ("TAR") process and metrics agreed upon in the April 16, 2021 letter and exhibits exchanged between Sarah Licht and Bryan Marra:[1]

1.  PRH Individual 1
2.  PRH Individual 2
3.  PRH Individual 3
4.  PRH Individual 4
5.  PRH Individual 5
6.  PRH Individual 6
7.  PRH Individual 7
8.  PRH Individual 8
9.  PRH Individual 9
10. PRH Individual 10
11. PRH Individual 11
12. PRH Individual 12
13. PRH Individual 13
14. PRH Individual 14
15. PRH Individual 15
16. PRH Individual 16
17. PRH Individual 17
18. PRH Individual 18
19. PRH Individual 19
20. PRH Individual 20
21. PRH Individual 21
22. PRH Individual 22

Bertelsmann has agreed to produce non-privileged documents created, altered, sent, or received on and between January 1, 2018 and November 2, 2021, from the files of (1) Bertelsmann Individual 1 and (2) Bertelsmann Individual 2 that contain the following search terms and are responsive to specifications 15, 16, 20(b), 20(d), 30, 31, or 32 in the Second Request.  Documents that are responsive to these Second Request specifications need not be produced, however, if they relate solely to printing or third-party distribution.  In addition, Bertelsmann has agreed to produce non-privileged documents created, altered, sent, or received on and between October 1, 2020 and December 31, 2020, from the files of (1) Bertelsmann Individual 1 and (2) Bertelsmann Individual 2 that constitute or discuss[2] communications between any officer, director, employee, or other person appearing to act on Vivendi's behalf and any officer, director, employee, or other person appearing to act on Bertelsmann's behalf.  If the following search terms yield more than 150,000 documents to review, the parties will meet and confer

---

[1] The parties have agreed to redact the names of individuals to protect their personal privacy.

[2] As used here, "discuss" means, in whole or in part, analyzing, considering, constituting, describing, explaining, recommending, referencing, reporting on, setting, recommending, or summarizing a subject. Documents that merely mention or refer to a subject without further elaboration should not be treated as documents that discuss that subject.

in good faith to refine the search terms in order to narrow the set of documents to be reviewed to fewer than 150,000.

1. Silk or Seide
2. Typeface or Schriftbild
3. *Liontree*
4. S&S or SiS or Simon or *simonandschuster*
5. "Big Five" or "Big 5" or Big5 or FFM or Fünf-Faktoren-Modell or Fuenf-Faktoren-Modell
6. "Publish* w/5 (trade or book or books or PRH or Penguin)" or "(Verlag* or veröffentlich* or veroeffentlich*) w/5 (Publikumsbuch or Fach* or Geschäfts* or Geschaefts* or Buch or Buecher* or Bücher* or PRH or Penguin)" or Buchverlag*
7. *Vivendi*
8. Arnaud*
9. Puyfontaine*
10. Prisma
11. Oligop* or duopol*
12. *Viacom*
13. *Harper*
14. *NewsCorp*
15. *Hachette*
16. *Lagardere*

ViacomCBS and Simon & Schuster have agreed to produce non-privileged documents from the following individuals' files by producing documents created, altered, sent, or received on and between January 1, 2018 and November 2, 2021 through the use of the TAR process and metrics agreed upon in the April 7, 2021 letter and exhibit exchanged between Sarah Licht and Caitrin McKiernan:

1. ViacomCBS/Simon & Schuster Individual 1
2. ViacomCBS/Simon & Schuster Individual 2
3. ViacomCBS/Simon & Schuster Individual 3
4. ViacomCBS/Simon & Schuster Individual 4
5. ViacomCBS/Simon & Schuster Individual 5
6. ViacomCBS/Simon & Schuster Individual 6
7. ViacomCBS/Simon & Schuster Individual 7
8. ViacomCBS/Simon & Schuster Individual 8
9. ViacomCBS/Simon & Schuster Individual 9
10. ViacomCBS/Simon & Schuster Individual 10
11. ViacomCBS/Simon & Schuster Individual 11
12. ViacomCBS/Simon & Schuster Individual 12
13. ViacomCBS/Simon & Schuster Individual 13

The custodian files described herein include all electronic documents (including, without limitation, emails, word documents, PDF documents, and spreadsheets), except those only on shared drives or saved locally on custodians' laptops. No hard copy documents need be collected or reviewed at this time. Defendants are required at this time to search texts and messages, including those within WhatsApp, only from the custodial files of the following custodians, and to produce non-privileged documents created, altered, sent, or received on and between January 1, 2018 and November 2, 2021, that are responsive to specifications 15, 16, 19, 20(b), 20(d), 23(e), 23(f), 30, 31, 32, or 38 in the Second Request. Documents that are responsive to these Second Request specifications need not be produced, however, if they relate solely to printing or third-party distribution.

1. PRH Individual 1
2. PRH Individual 2
3. PRH Individual 3
4. PRH Individual 13
5. PRH Individual 14
6. ViacomCBS/Simon & Schuster Individual 1
7. ViacomCBS/Simon & Schuster Individual 2
8. ViacomCBS/Simon & Schuster Individual 6

Defendants are permitted to de-duplicate data against data previously reviewed (whether through TAR or manual review) before running TAR or search terms on the newly collected documents and data.

Defendants will produce the above custodial documents on a rolling basis to begin December 17, 2021, with a sizeable production before December 25, 2021.

The production would be complete by January 21, 2022, with the exception of the documents held back on a good faith basis for further privilege review. Those documents deemed non-privileged after that privilege review will be produced on a rolling basis as the review is completed, but no later than February 18, 2022.

Each defendant will prioritize the rolling productions of documents by the order of the custodians listed above.

Defendants will inform the United States whether any of the custodians herein have changed positions since January 2021.

Nothing herein will prevent the United States from requesting the production of other documents from the files of these or other custodians or documents otherwise in the possession, custody, or control of Bertelsmann, Penguin Random House, ViacomCBS, or Simon & Schuster. Nothing herein will prevent Defendants from opposing any requests by the United States for the production of additional documents.