# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>                *Plaintiff,*<br>       v.<br>BERTELSMANN SE & CO. KGaA,<br>PENGUIN RANDOM HOUSE, LLC,<br>VIACOMCBS, INC., and<br>SIMON & SCHUSTER, INC.<br>                *Defendants*. | Civil Action No. 1:21-cv-02886-FYP |

**DECLARATION OF JULIA SCHILLER IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE USE OF PRINTING-RELATED EVIDENCE TO ESTABLISH ALLEGED ANTICOMPETITIVE EFFECTS**

      1.      I am a partner with the law firm of O'Melveny & Myers LLP and counsel for Defendants Bertelsmann SE & Co. KGaA ("Bertelsmann") and Penguin Random House, LLC (PRH), in the above-captioned matter. I have personal knowledge of the matters stated herein, and, if called upon, could competently testify thereto.

      2.      Prior to filing the Complaint in this action, I understand that the government conducted a ten-month investigation into PRH's proposed acquisition of Simon & Schuster. I understand that, during the course of that investigation, the government sought and obtained information concerning Bertelsmann's ownership and operation of printing facilities, and publishers' access to printing facilities in general.

      3.      On December 17, 2021, the government served its Second Set of Requests for Production on PRH and Bertelsmann. Request for Production No. 31 sought: "Separately for (1) one-color trade printing, (2) mass market printing, and (3) components printing, produce documents sufficient to show, for each of the years 2018, 2019, 2020, and 2021: a. each

publisher who used Bertelsmann for book printing; b. the volume of printing services each such publisher purchased from Bertelsmann; and c. the dollar value of printing services each such publisher purchased from Bertelsmann."

4. On December 29, 2021, Bertelsmann and PRH timely objected to Request for Production No 31. They objected to the "request as seeking information that is not relevant to the parties' claims or defenses in this action." However, to avoid burdening the Court with a discovery dispute, and without waiver of their objections, Bertelsmann and PRH agreed to and did produce documents responsive to the request.

5. During discovery in this litigation, the government also asked numerous party and third-party deponents about Bertelsmann's printing services and publishers' access to printing more generally. One of the witnesses the government deposed on these topics was Thomas Rabe, Bertelsmann's CEO and Chairman. Mr. Rabe testified that Bertelsmann Printing Group is part of Bertelsmann's "B2B services" division, while PRH is part of its "media services" division. *See* Mar. 18, 2022 T. Rabe Dep. Tr. 16:8–10, 16:14–18, 17:16–18:2. He also testified that Bertelsmann will "honor" all agreements that its printing plants have with publishers. *Id.* 281:11–14.

6. On January 24, 2022, Bertelsmann and PRH served their First Set of Requests for Production on the government. Request for Production No. 13 sought "[d]ocuments or data You sent, received, or otherwise obtained in connection with any investigations concerning the publishing industry that You have undertaken, conducted, or otherwise been involved in since January 1, 2016."

7. On February 2, 2022, the government objected to Request for Production No. 13 on the grounds that, *inter alia*, it purportedly sought "documents related to all investigations

regardless of their relevance to the issues in this case." The government stated that it did "not interpret" the request "to include any investigation it may have opened into the paper industry, printing industry, or issues relating to retailers' book pricing terms."

8. On February 17, 2022, I wrote to the government on behalf of Bertelsmann and PRH to follow up on the parties' meet-and-confer regarding Bertelsmann and PRH's First Set of Requests for Production. With respect to Request for Production No. 13, Bertelsmann and PRH observed that it was "not appropriate for the government to seek discovery from PRH while simultaneously objecting that any discovery served on it on that same topic is not relevant." They offered, as a compromise, to "interpret Request No. 13 to exclude any investigation you have opened into the printing industry, provided that you agree that you do not intend to submit or rely on any evidence regarding printing or the printing industry."

9. On February 22, 2022, the DOJ attorney Bennett Matelson sent a letter rejecting Bertelsmann and PRH's February 17, 2022 proposed compromise.

10. On March 14, 2022, Mr. Matelson addressed a letter to me in which the government maintained that its investigatory files contained materials "that are of no relevance here." The government suggested, though, that it might be willing to discuss the potential production of materials from those files "if Defendants can identify any types of relevant, non-privileged materials" in those files. In response, I sent an email to Mr. Matelson on March 30, 2022, in which I requested the government provide its availability for a call to "discuss the open issues on this request rather than engage in further letter correspondence."

11. On April 4, 2022, Mr. Matelson addressed an email to me in which the government reiterated its objections to Bertelsmann and PRH's Request for Production No. 13, including "relevance, burden, privilege, and statutory confidentiality." The government also

repeated its request that Defendants somehow "identify any types of relevant, non-privileged . . . materials" in the government's files. Mr. Matelson did not propose any times for the call I requested in my email of March 30, 2022. I responded by email on April 6, 2022, reiterating my request for a call to discuss Request for Production No. 13.

12. On April 13, 2022, Mr. Matelson addressed another email to me in which he stated that unless Defendants described the documents that they were seeking from the government's investigatory files, the government would not "be able to determine what defendants might believe is relevant to this case."

13. The parties then exchanged pretrial exhibit lists and opening deposition designations on June 15, 2022. The government's exhibit list identified several documents about Bertelsmann's role in the printing industry, and publishers' access to printing services more generally.

14. The government's opening deposition designations included nearly 500 lines of testimony from 7 party and non-party witnesses about printing, including testimony concerning inadequate printing capacity in the United States, printers' delays in fulfilling publishers' orders, the resulting difficulty publishers have in keeping books in stock, and speculation about whether Bertelsmann Printing Group gives preferential treatment to printing orders from Penguin Random House.

15. To rebut the government's selective designations, Defendants have counter-designated more than 300 additional lines of testimony from those witnesses about printing-related issues.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2022, in Washington, D.C.

By: _____
Julia Schiller

.