**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

United States of America,           ) Civil Action
                                    ) No. 1:21-cv-02886-FYP
              Plaintiff,            )
                                    ) **Status Hearing**
vs.                                 ) (via Zoom)
                                    )
Bertelsmann SE & Co. KGaA,          )
et al.                              ) Washington, D.C.
                                    ) **July 11, 2022**
              Defendants.           ) Time:  2:00 p.m.
_____

**Transcript of Status Hearing** (via Zoom)
**Held Before**
**The Honorable Florence Y. Pan** (via Zoom)
**United States District Judge**

A P P E A R A N C E S

For the Plaintiff:        **John R. Read**
(via Zoom)                **Sarah Heideman Licht**
                          **Ihan Kim**
                          **Melvin A. Schwarz**
                          U.S. DEPARTMENT OF JUSTICE
                          Antitrust Division
                          450 Fifth Street, Northwest
                          Washington, D.C. 20530

For the Defendants Bertelsmann SE & Co. KGaA and Penguin Random
House, LLC:                **Daniel M. Petrocelli**
(via Zoom)                 **Megan Smith**
                           O'MELVENY & MYERS LLP
                           1999 Avenue of the Stars, 8th Floor
                           Los Angeles, California 90067

                           **Andrew J. Frackman**
                           **Abby Rudzin**
                           O'MELVENY & MYERS LLP
                           7 Times Square, Times Square Tower
                           New York, New York 10036

(appearances continued on the next page)

1                    A P P E A R A N C E S, continued

2    For the Defendants ViacomCBS, Inc. and Simon & Schuster, Inc.:
     (via Zoom)                **Stephen Fishbein**
3                              SHEARMAN & STERLING LLP
                               599 Lexington Avenue
4                              New York, New York 10022

5                              **Rachel E. Mossman**
                               SHEARMAN & STERLING LLP
6                              2828 North Harwood Street, 18th Floor
                               Dallas, Texas 75201
7
                               **Ryan A. Shores**
8                              SHEARMAN & STERLING LLP
                               401 9th Street, Northwest
9                              Washington, D.C. 20004

10   _____

     Stenographic Official Court Reporter:
11   (via Zoom)                Nancy J. Meyer
                               Registered Diplomate Reporter
12                             Certified Realtime Reporter
                               333 Constitution Avenue, Northwest
13                             Washington, D.C. 20001
                               202-354-3118
14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

1

2       (REPORTER'S NOTE:  This hearing was held during the
COVID-19 pandemic restrictions and is subject to the
3   limitations of technology associated with the use of
technology, including but not limited to telephone and video
4   signal interference, static, signal interruptions, and other
restrictions and limitations associated with remote court
5   reporting via telephone, speakerphone, and/or
videoconferencing.)

6

7       THE COURTROOM DEPUTY:  We are on the record in Civil

8   Case No. 21-2886, United States of America v. Bertelsmann SE &

9   Co., et al.

10      Starting with the government, please state your

11  appearance for the record.

12      MR. READ:  Your Honor, John Read, United States.

13  With me are my colleagues Sarah Licht, Ihan Kim, and

14  Mel Schwarz.

15      THE COURT:  Good afternoon, Mr. Read and colleagues.

16      MR. PETROCELLI:  Good afternoon, Your Honor.  Daniel

17  Petrocelli for Defendants Bertelsmann and Penguin Random House;

18  along with Andrew Frackman, Abby Rudzin, Megan Smith, and Anke

19  Steinecke from Penguin Random House.

20      THE COURT:  Good afternoon, Mr. Petrocelli.

21      MR. FISHBEIN:  Good afternoon, Your Honor.  This is

22  Stephen Fishbein representing Viacom and Simon & Schuster, and

23  with me are my colleagues Ryan Shores and Rachel Mossman.

24      THE COURT:  Good afternoon, Mr. Fishbein.

25      All right.  So we are here for a status hearing, and I

1    thought I'd first hear from the parties and see what you have

2    for me today, and I have a couple of questions.

3          MR. READ:  Sure.  This is John Read on behalf of the

4    government.

5          We saw your order a few minutes ago on the sealed

6    motions *in limine*.  So we can meet your timing about whether

7    those should be under seal.  Our thought had been we would file

8    those materials and then we would meet and confer with

9    defendants about which of those materials they continue to

10   maintain are confidential and then either file redacted

11   versions or resolve the confidentiality.  We had thought we

12   would take a little more time on that, but I think we can --

13   I'm hopeful we can work with defendants to meet your timeline

14   of next Monday on that.

15         THE COURT:  Thank you.

16         I'm flexible on that timeline too; and the reason I

17   issued an order, I wasn't sure if you wanted to talk about this

18   on the record because you had filed everything under seal,

19   which is why I issued an order.  So I'm flexible on that

20   timeline, if you need a little bit more time.

21         MR. READ:  If you are flexible, we had planned

22   Wednesday -- our oppositions to those motions *in limine*, those

23   are due; and then Friday, the replies.  So the thought would be

24   everybody works hard on the papers and then next week, by

25   Wednesday, we've met and conferred about what pieces still have

1    confidentiality issues that need to be maintained and then

2    whether to redact them or resolve them.  And by -- so it would

3    be by Fri- -- at the end of next week we would file public

4    versions for the Court.  That was our -- our plan.  If

5    Your Honor could be flexible with that, that --

6            THE COURT:  What date is that?

7            MR. PETROCELLI:  The 22nd, Your Honor.

8            THE COURT:  The 22nd.  The government's supplement

9    for their motions to seal would be due on the 22nd, July 22nd.

10           MR. PETROCELLI:  Well, I may have misunderstood your

11   question.  I understood that what Mr. Read was proposing is

12   that the public versions of these motions *in limine* papers

13   would be filed on the 22nd of July.

14           THE COURT:  Okay.

15           MR. PETROCELLI:  And then we could address any issues

16   with respect to the sealing at the pretrial conference on the

17   25th.  And just to finish the thought, Your Honor --

18           THE COURT:  Okay.

19           MR. PETROCELLI:  -- not only would that proposed

20   schedule, if it's acceptable to Your Honor, apply to the motion

21   *in limine* filings, but it would also apply to the trial brief

22   and pretrial statement filings that are due this Friday,

23   July 15.

24           So the idea would be by the 22nd of July, all papers

25   filed with the Court would -- you would have the public

1    versions of all those papers.  And then we could be heard on --

2    on the sealing of the private versions at the pretrial

3    conference on the 25th.

4            THE COURT:  Well, let me ask you this:  At the

5    pretrial conference on the 25th, were you expecting to have a

6    motions hearing?

7            MR. PETROCELLI:  The motions to be -- the motions to

8    seal, Your Honor, would be filed concurrently with the filing

9    of whatever papers we're filing.  So, for example, we're filing

10   a trial brief on the 15th of July.

11           THE COURT:  Yes.

12           MR. PETROCELLI:  We would accompany that trial brief

13   with a motion to seal with respect to portions of it.

14           THE COURT:  So I think it's fine that we would

15   address the motions to seal on the 25th if I have the papers on

16   the 22nd because I don't expect that to be complicated.  But

17   I'm asking also -- the broader question is -- there are a

18   number of motions *in limine*, other motions here -- are we going

19   to try to resolve those on the 25th, or are we going to do that

20   on the first day of trial?

21           MR. PETROCELLI:  We were --

22           THE COURT:  I wanted to know what the parties were

23   expecting.

24           MR. PETROCELLI:  Speaking on behalf of my clients,

25   Your Honor, we would hope to argue those on the 25th so that we

1   know where we stand, because, you know, those are fairly

2   significant motions.  And we need to be -- we need to know what

3   the Court's rulings are so we can respond accordingly.

4           THE COURT:  That's fine.  But I'll have all the

5   substantive briefing done well in advance?

6           MR. PETROCELLI:  Yes, you'll have that by next week,

7   I think.

8           THE COURT:  And then are there going to be *Daubert*

9   hearings?  Are we going to be taking evidence on some of these

10  motions?

11          MR. PETROCELLI:  Well, I don't think the parties are

12  proposing to present evidence.  Again, I don't want to speak

13  for the government, but on behalf of my clients, I think we --

14  we would be submitting on the papers.

15          THE COURT:  Okay.  Mr. Read, what were you

16  contemplating?

17          MR. READ:  The same thing.  That to the extent

18  Your Honor wanted oral arguments on motions *in limine*, the

19  25th, we thought, was the right date for that.  And there are

20  no more motions that'll be filed.  We will submit those motions

21  on the papers; so there's no need for an evidentiary hearing.

22          MR. PETROCELLI:  When I say -- this is

23  Mr. Petrocelli, for the benefit of the court reporter.

24          When I said submit on the papers, I meant without the

25  need for an evidentiary hearing, but we would be available to

```
 1    hear -- you would be available to hear argument.

 2              THE COURT:  All right.  That's fine then.

 3          So, then, we're talking about July 22nd as the deadline

 4    for the public version of any proposed sealing, and then we'll

 5    talk about the sealing on the 25th.

 6              MR. PETROCELLI:  Yes.

 7              THE COURT:  That's fine.

 8              MR. PETROCELLI:  And, Your Honor, there's one other

 9    piece to that puzzle, which is the role of third parties who

10    are asserting confidentiality; publishers, agents who are not

11    parties to the case, but whose information, data, and

12    documents, you know, have been produced and will be part of the

13    evidentiary record.  And I believe it's -- the CMO requires us

14    to conclude our meet-and-confers with all the third parties by

15    tomorrow.  And the parties are jointly asking Your Honor if we

16    could extend that to Friday -- so from July 12 to July 15 -- to

17    conclude our meet-and-confers with -- with the third parties

18    regarding confidentiality.  So that's my first ask.

19              THE COURT:  Okay.  I'm okay with that in principle.

20    Are motions going to be coming after that, though?

21              MR. PETROCELLI:  That was my next --

22              THE COURT:  When would those be due?

23              MR. PETROCELLI:  We wanted to know how Your Honor

24    wanted to proceed because, you know, one -- one thought would

25    be that they file a three- or four-page letter with the Court
```

1    and be available on the 25th to argue any of these issues if

2    they so choose, rather than have to inundate the Court with,

3    you know, formal motions.  And if that's acceptable to

4    Your Honor, I think that will be acceptable to the third

5    parties.

6                THE COURT:  Mr. Read, do you want to be heard on that

7    at all?

8                MR. READ:  We just wanted to know your preference,

9    Your Honor.  We're going to work hard by this Friday to put a

10   formal proposal out there for the third parties.  And to the

11   extent they disagree -- we hope they don't.  But to the extent

12   they disagree, we wanted to honor Your Honor's preference of

13   how you want to hear them in an expeditious way.

14               THE COURT:  So what would be the deadline -- the

15   proposed deadline for their letter?

16               MR. READ:  It may be Thursday, the 21st, or something

17   like that.  The third parties have received notice of their

18   documents that are on the exhibit lists, their lines of

19   testimony that are contemplated being played by deposition

20   designation, but it's an important issue for them and -- so.

21               THE COURT:  I'm just wondering, like, how -- having

22   not dealt with this before, how voluminous do you think this

23   letter is going to be?  Do you think it's going to be

24   complicated at all?

25               MR. PETROCELLI:  No, I don't think the letter will be

1    complicated, Your Honor.  Again, Mr. Petrocelli.

2        I think what will be complicated is how we address the

3    issue of the presentation of evidence and argument regarding

4    confidential information; that -- that is, information that the

5    Court concludes is appropriate -- can be appropriately

6    maintained as confidential, how -- how that is presented in

7    court.  And, you know, we can discuss this at the pretrial

8    hearing.  You know, all the lawyers are experienced and have

9    had prior trials where we've had to address these issues; and,

10   you know, we're happy to share some thoughts with you.

11       But, you know, our goal is to streamline this as

12   efficiently as possible so that we're not interrupting the

13   proceedings constantly.  You know we're on a tight chess clock

14   of 72 hours.  We want to finish no later than August 18, as the

15   Court has indicated, and -- but this is one issue that we are

16   going to have to tackle.

17       It might even warrant a separate conference with

18   Your Honor to make sure that, you know, we're all doing what

19   you want us to do, but there are issues about what the gallery

20   can see, what they can hear, what would be in the public

21   transcript, what would be in the exhibits that are made a

22   matter of public record and what can't.  And that can be --

23           THE COURT:  Is this something the parties can meet

24   and confer on and -- or is -- are you going to be in

25   disagreement about that?

```
 1              MR. PETROCELLI:  No, we've been extensively --

 2              MR. READ:  No.

 3              MR. PETROCELLI:  -- meeting and conferring on these

 4    issues.  But, of course, you know, we're going to need

 5    Your Honor's permission to proceed, as I think we will mutually

 6    agree.

 7              MR. READ:  We have been talking about this and plan

 8    to have a proposal by Friday.  It's a challenging issue for the

 9    government where we understand and have a desire for a public

10    hearing but want to not have confidential business secrets

11    produced in a way that harms -- harms businesses and harms

12    their ability to compete.  So we've done this before.  It's

13    going to be a challenge, but we have some ideas with regard to

14    redactions and display, and we hope that meets the needs of the

15    third parties, but -- and we expect it will, but we need to

16    give them a fair chance if it doesn't.

17              THE COURT:  Okay.

18              MR. READ:  That's where we --

19              THE COURT:  It's not -- thank you very much.  So this

20    is helpful.

21         So it sounds like in terms of what they will want kept

22    confidential will not be a complicated issue.  So I think it's

23    okay for their letter to be due on Thursday, the 21st, and we

24    can discuss it on the 25th; and they can come to the hearing on

25    the 25th to discuss that.  And in terms of the more complicated
```

1    question, which is how we're going to handle all that

2    logistically at trial, the parties are going to meet and

3    confer.  Are you going to file something in writing on Friday

4    so you would have a proposal by Friday, or are you just going

5    to tell me about it on the 25th?

6              MR. READ:  It will be part of our pretrial statement.

7              THE COURT:  Okay.

8              MR. READ:  So it will be a public document that we

9    can then alert the third parties to and Your Honor can see and

10   have -- if Your Honor thinks we've gone too far one way or the

11   other, can -- can correct us.

12             THE COURT:  Right.  We can discuss it on the 25th.

13             MR. READ:  Yeah.

14             THE COURT:  All right.  That's fine then.

15        Anything else?

16             MR. READ:  Just a couple of additional things.

17   Mr. Petrocelli alluded to the chess clock.  We did talk about

18   that last time.  We've agreed to 72 hours:  38 for the

19   government, 34 for defendants.  We've --

20             THE COURT:  I'm sorry.  Say that again.  Seventy-two

21   hours?

22             MR. READ:  Total; right.  Thirty-eight for the

23   government.  Thirty-four for the defendants.  We've agreed the

24   clock will run during openings; whenever a witness is being

25   examined, whoever is doing the talking; during the videos of

1    any depositions that are played, whoever has designated that

2    portion.  And we've agreed -- although you can relieve us of

3    this burden, if you want, Your Honor -- to keep track of the

4    time ourselves and allocate it, but we're open to doing that

5    how Your Honor would like.

6           THE COURT:  I'm okay with you keeping track of the

7    time yourselves.  I would appreciate a preview from each party

8    how long they're expecting to spend on, for example, opening or

9    closing or how long each witness is going to last so that I can

10   understand that.  And on things like openings, closings,

11   et cetera, I'm going to reserve the right to recommend shorter

12   amounts of time if it sounds too much, even given the chess

13   clock.

14          MR. READ:  Is that okay that we provide that to you

15   on the 25th?

16          THE COURT:  Yes.

17          MR. READ:  Okay.

18          MR. PETROCELLI:  Your Honor, related to the 72 hours

19   and the schedule, you had indicated before, I believe, that we

20   would be going Monday through Thursday.  I have not discussed

21   this with Mr. Read yet, but I wanted to see if Your Honor was

22   also available to go on Fridays, even if it were part of the

23   day, just to make sure we finish by the 18th.

24          THE COURT:  So I've been scheduling things on the

25   Fridays knowing that I would not be available Monday through

1    Thursday, but to the extent I have time on Friday, I would be

2    willing to give that to you.

3              MR. PETROCELLI:  Okay.  And secondly, are we going to

4    be doing the trial in your courtroom?

5              THE COURT:  Yes.

6              MR. PETROCELLI:  Okay.  Also, at some point we would

7    like permission to come in and check out the technology setup

8    that we'll need for the trial.

9              THE COURT:  Absolutely.

10             MR. PETROCELLI:  Okay.  And then we can also discuss

11   that on the 25th, and if you have any particular preferences in

12   that regard, we can -- we can make sure we honor them.

13             THE COURT:  Yes.  You can contact my courtroom

14   deputy.  Is that okay with you?  I have a new courtroom deputy,

15   everyone.

16             THE COURTROOM DEPUTY:  They can contact me, and then

17   they can also, actually, schedule a meeting with John Cramer to

18   go over all the IT stuff in the courtroom because he, actually,

19   takes time and will meet with them and show them how to use

20   everything in the courtroom as well, if they want to do that.

21   But they can reach out to me, and we can work together to

22   figure out what they --

23             MR. PETROCELLI:  Okay.  Thank you.

24             MR. READ:  Is it okay if we try to set that up

25   earlier than the 25th, just given sometimes these IT issues get

1    a little more complicated than I understand?

2          THE COURT:  Maybe, Samantha, you could reach out to

3    the parties and -- and arrange a time and maybe include

4    Mr. Cramer in your communication so he can get involved.  I'm

5    sure that would be -- I think he would want to be involved to

6    make sure that goes smoothly.

7          MR. READ:  Yes.  And we would want the expert on

8    that.

9          Your Honor, if I could go back to the Friday request.

10   We have no overarching objection to that, but it is difficult

11   planning witness attendance.  I think with the exception of one

12   or two witnesses, everyone that we're going to call is going to

13   be traveling.  They're all either defendants' witnesses or

14   third-party witnesses, with the exception of one or two, and if

15   there are Fridays that Your Honor wants to hold trial, if you

16   could let us know that sooner rather than later because it

17   affects travel and who comes when and -- you know, we had

18   planned Monday through Thursday.  That works for us.  And I

19   think we can get the trial done in time.

20         THE COURT:  So my preference is to go Monday through

21   Thursday.  I was hearing Mr. Petrocelli saying that in an

22   emergency --

23         MR. READ:  That would be my preference.

24         THE COURT:  -- if we're not going to finish.

25         MR. READ:  Yeah, that would be our preference too,

1    but -- but if there's an emergency, we're open to it.  But that

2    would be my preference, Monday through Thursday.

3            THE COURT:  Can we just assume we're going Monday

4    through Thursday, and as we're proceeding during the trial, if

5    it looks like we're going to have to add a Friday, we can talk

6    about that.  And it's my understanding maybe we can't because

7    witnesses have already made arrangements not to be there on

8    Friday.  But I think it's just better for planning purposes for

9    everybody to have some certainty of what the expectation is,

10   and the expectation will be Monday through Thursday and see how

11   we're doing as we get into it.

12           MR. PETROCELLI:  Your Honor, another -- if I can

13   change subjects.

14           THE COURT:  Yes.

15           MR. PETROCELLI:  The pretrial statement that we're

16   required to file on the 15th asked us to include a statement of

17   the case and of our defenses.  And given that both sides are

18   filing trial briefs, you know, of significant substance and

19   length, we wanted to know whether we could dispense with having

20   to include the statement of the case and defenses in the

21   pretrial statement.

22           THE COURT:  That would be fine with me.  I don't need

23   to read anything twice.  Do you agree, Mr. Read?

24           MR. READ:  Yes.  And we discussed this before.  I

25   think, also, we probably can dispense with the relief-requested

1    paragraph, that it shouldn't -- should be in the pretrial

2    briefs.

3                THE COURT:  Okay.  That's fine with me.

4                MR. READ:  I have one more issue.  Mr. Petrocelli

5    knocked off most everything I had.

6        I want to talk about how Your Honor would like -- your

7    preference for handling admissibility and confidentiality

8    issues of documents as we go forward.  Let me tell what we're

9    working on and then see if you prefer something different.

10        We've been meeting and conferring about the exhibit list

11    that both sides have trying to work out, you know, the

12    admissibility issues.  We've made progress on that.  I think

13    the idea is it would be best for -- well, we think it would be

14    best for Your Honor and the court if prior to any witness

15    coming, we exchanged, at some mutually agreed-upon point, in

16    advance of that witness coming, the documents to be used with

17    the witness by both sides.  And then we could meet and confer

18    about their admissibility, any confidentiality issues as to

19    that particular document.  And if we can resolve them, great.

20    And if we can't, maybe have some of Your Honor's time at the

21    beginning of each day to resolve those issues.

22        At least my thought -- and I think our thought had been

23    that would be easier for Your Honor to deal with than handling

24    a bunch of exhibit issues on the 25th, kind of, out of context.

25    I think there will be fewer to deal with this way.  And,

1    certainly, as we go along in the trial and get some rulings, I

2    think there will be even fewer to deal with as we understand

3    the lay of the land.  So that -- that was an approach that we

4    had been thinking on and wanted to see if it met with

5    Your Honor's preferences.

6         MR. PETROCELLI:  Well, to be clear, Your Honor, we

7    have had extensive discussions about this topic, and we have

8    pretty much reached agreement.  It's in a bit more detail than

9    Mr. Read was describing, and I don't think he was purporting to

10   give you chapter and verse.  But, just in general, our idea was

11   to avoid burdening Your Honor with having to deal with

12   objections now to exhibits or testimony that won't see the

13   light of day.  Because as Your Honor knows, I'm sure, these

14   exhibit lists tend to be populated with way too many exhibits.

15   And we've been trying really hard to, like, avoid, you know,

16   having to engage the Court in ruling on things that will not be

17   put into evidence.

18        So we have, I think, reached agreement on just about

19   every aspect of this.  But it would, essentially, involve our

20   identifying exhibits in certain circumstances, and there are

21   certain exceptions, like on cross-examination and so forth.  We

22   don't need to get into all the details now.  But we would work

23   those out beforehand, and any disputes that would remain would

24   then be presented to Your Honor.  And I think that if there are

25   some disputes on day one or day two, by day three we should

1    know which way the wind is blowing.  And I think that this is

2    going to -- this is going to dissipate over time.

3          THE COURT:  I think that's fine.  And often during

4    trial I incorporate a policy where if the parties have issues

5    that they're going to want to raise at the beginning of the

6    day, the next day, you can email my chambers, including the

7    other party, and give the Court a heads-up as to what the

8    issues are going to be.  And so like I -- I try to be open to

9    the parties and what is the best way to accommodate what your

10   needs are during the trial.

11        And I want to make my chambers inbox open to you both

12   during the trial.  And just make sure you cc the other party.

13   And if you want to communicate with me, even after hours, about

14   things like this, to give me a heads-up about what we're going

15   to be talking about in the morning, you should feel free to do

16   that.

17          MR. PETROCELLI:  Okay.

18          MR. READ:  Thank you, Your Honor.

19          MR. PETROCELLI:  And I have one other question, which

20   is:  Does Your Honor permit technology in the courtroom?  In

21   other words, can we bring in our computers and our -- our

22   phones?  Do we need special orders to do so?

23          THE COURT:  It's fine with me.  I'm not sure if you

24   need a special order to do so.  I think you might need it to

25   get past the marshals.  So let me ask my courtroom deputy to

```
1    figure out what we need to do --

2              MR. PETROCELLI:  Yeah, I think --

3              THE COURT:  -- to allow the parties to have their

4    technology in the courtroom.

5              MR. PETROCELLI:  Okay.

6              THE COURT:  I'll sign whatever I need to do.

7              MR. PETROCELLI:  I think Mr. Read is smiling because

8    DOJ gets to go right through and we have to wait in those long

9    lines.

10             THE COURT:  There's some benefits to government

11   service.

12             MR. READ:  It's the only degree of home-court

13   advantage we get.  So we take it.

14             THE COURT:  In Superior Court, the assistants have to

15   go through the security as well.  They've been trying to change

16   that for years.  It's more convenient, you know, in a federal

17   courthouse.

18        Okay.  Is there anything else from the parties, because

19   I actually had something I wanted to raise.

20             MR. READ:  Not from the government, Your Honor.

21             MR. PETROCELLI:  Not from us, Your Honor.

22             THE COURT:  Okay.  So I wanted to raise with the

23   parties the current schedule for post-trial briefing.  And I

24   was looking at it.  And to be honest, it looks a little bit

25   long to me.  Because I just think it would be -- it would
```

1    benefit me to have a more compressed time schedule so that the

2    evidence is fresh in my mind, and right now we're contemplating

3    proposed findings of fact and conclusions of law three weeks

4    after the close of trial, objections two weeks after that, and

5    now I'm five weeks out of trial.  And I think that that's too

6    long.

7          And so I wanted to talk to the parties about this

8    because I also don't want to put an undue burden on you, but I

9    will say that I -- I saw an example of a prior schedule that

10   was before Judge Mehta.  And he issued a minute order after an

11   antitrust trial where he said that -- the trial concluded on

12   May 13th.  He said that final exhibit lists and remaining

13   objections to the admission of exhibits were due on May 15th.

14   So that was two days later.

15         Findings of fact and conclusions of law, which shall be

16   limited to no more than 300 pages per side, were submitted on

17   May 20th, which is five days after that.  Redacted versions for

18   the public record by May 26th.  Oral arguments set on May 28th.

19   And then by May 20th, final witness lists with hyperlinks to

20   relevant documents.

21         I don't think we need to be as compressed as this.  I'm

22   sure you're all panicking when I just said this.  I'm not

23   proposing that we do this, but I do think something shorter

24   than, you know, five weeks would be beneficial.  And it looks

25   like he didn't have objections, and so that cut off some time

1    too.  And so I would like the parties to maybe think about and

2    talk to each other about a more compressed schedule to get the

3    post-trial briefing done and set an oral argument date that's a

4    little closer in time to the close of trial to talk about the

5    proposed findings of fact and conclusions of law.

6        I actually think that the parties could be working on

7    these things during the trial, which is what Judge Mehta's

8    schedule contemplated.  So it's not like you're all waiting

9    until the end of the trial before you start.  And given that,

10   I'm thinking we should be able to shave some time off of this.

11            MR. READ:  Your Honor --

12            MR. PETROCELLI:  Your Honor, I'd be happy to do that.

13   But to be clear, Your Honor, we had previously agreed with

14   Your Honor that closing arguments would occur immediately prior

15   to the briefing, not after the briefing.  Among other reasons,

16   I'm not available because I'm going into another trial.

17            THE COURT:  Right.  Right.  So that's true.

18            MR. PETROCELLI:  Okay.  So we would do the closing

19   argument on the 18th of August, presumably, and then the

20   post-trial submissions would follow.  And we can certainly

21   tighten up that schedule.  I'm happy to meet and confer with --

22   with Mr. Read and his colleagues about that.

23            THE COURT:  Okay.  Thank you.  And thank you for

24   reminding me of that.

25            MR. READ:  We're happy to shorten.  We -- we -- if

1    Your Honor has a strong view, we might be able to just resolve

2    it right now.  We could easily take a week or so off of that,

3    depending on what Your Honor's needs are, because we know you

4    have a challenging task to write an opinion after all this,

5    and -- and we want to give you enough time for that.

6            THE COURT:  And tell me, when does the opinion have

7    to be written by again?  Do we have a date on that?

8            MR. PETROCELLI:  I think we were talking about no

9    later than mid-October or something like that.

10           MR. READ:  It was November 22nd, I think is the

11   drop-dead date.

12           MR. PETROCELLI:  That's right.

13           MR. FISHBEIN:  I think it's the end of November,

14   November 21st or 22nd.

15           MS. LICHT:  November 19th.

16           THE COURT:  November 19th is the drop-dead date.

17   Judge Mehta did not have objections, but I think the parties

18   wanted to do that.  He didn't --

19           MR. READ:  I -- yeah.

20           THE COURT:  That's probably because he was having his

21   oral argument after.

22           MR. PETROCELLI:  I think our schedule is a little bit

23   different.  I don't think we need the objections.

24           MR. READ:  There is a chance that was a PI hearing

25   with the FTC.  I can't remember what that was, but -- but,

```
1    listen, we're open to tightening that time.

2              THE COURT:  Okay.  So what's the best way to figure

3    that out?  Do you want to meet and confer and try to --

4              MR. PETROCELLI:  Yes.

5              THE COURT:  I would love for you to shave two weeks

6    off.

7              MR. PETROCELLI:  We'll get you the two weeks.  I just

8    need to meet and confer with the people who are actually going

9    to be writing those briefs.  So we'll get that --

10             THE COURT:  I would actually love for you to shave

11   three weeks off, but I don't want to --

12             MR. PETROCELLI:  Well, we'll --

13             THE COURT:  Three, if you can.

14             MR. PETROCELLI:  Okay.  But certainly two.

15             THE COURT:  That's great.  Okay.  Thank you.  And I

16   appreciate that.

17         And so I'll tell the parties, you know, that I have this

18   pending nomination, and the plan is for me -- whenever I'm

19   confirmed is fine, but they're just going to designate me.

20   Like, I'll just sit by designation on the district court to

21   complete this trial.  So that's not going to be part of the

22   calculus, but I might have different job responsibilities that

23   I have to attend to, but I don't know what they are yet at this

24   point with the new job, assuming things go, hopefully, as

25   planned.
```

1          MR. PETROCELLI:  Okay.  Your Honor, nothing more

2     from -- from me.

3          THE COURT:  Okay.  Anything else from you, Mr. Read?

4          MR. READ:  No.  Thank you very much.

5          THE COURT:  All right.  And so I'm not scheduled to

6     see you-all again until the 25th?

7          MR. PETROCELLI:  That's correct.

8          THE COURT:  And I'm sure you-all will be working very

9     hard between now and then.  So thank you very much for all the

10    work.

11         MR. READ:  And just to confirm, that will be in

12    your -- in your courtroom; right?  That's not Zoom?

13         THE COURT:  Yeah.  Let's do that -- let's do that in

14    person.

15         MR. PETROCELLI:  Oh, that also raises the question of

16    whether there are any current COVID requirements in -- for live

17    appearances in court.

18         THE COURT:  So I think that everyone should wear a

19    mask unless they're speaking.  We used to have a bunch of

20    plexiglass in our courtroom, and I just had it taken down

21    because I don't think that really helps that much anyway.  And

22    this is a bench trial.  And so a lot of that is really for the

23    comfort of jurors, which I don't need to worry about right now.

24         But I also want to be considerate of the parties.  So if

25    there's anybody who's going to be in the courtroom who wants

```
1    the plexiglass, let me know, and I will consider putting it

2    back.  But we took it down.  But I think the rule should be

3    that we should all be wearing masks unless somebody is

4    speaking.

5              MR. PETROCELLI:  Okay, Your Honor.

6              THE COURT:  Okay.

7              MR. PETROCELLI:  Okay.

8              MR. READ:  And, Your Honor --

9              THE COURT:  Did we set a time for the 25th?

10             MR. READ:  I don't know if it was 10:00 a.m. or

11   9:00 a.m.

12             MR. FISHBEIN:  I think it was 10:00 a.m.

13             THE COURT:  I just want to make sure.  10:00 a.m. on

14   the 25th.

15             MS. RUDZIN:  It's actually set for noon.

16             THE COURT:  It was set for noon?

17             MS. RUDZIN:  That's what my calendar says.

18             THE COURT:  Oh, you know, it might have been that at

19   that point we didn't know if it was going to be in person or

20   not, and we might have been accommodating the LA people here.

21   But if it's going to be in person, we can start at 10:00;

22   correct?

23             MR. PETROCELLI:  That would be great, Your Honor.

24             THE COURT:  Let's do it in person and start at 10:00.

25             MR. READ:  And, Your Honor, one final clarifying
```

1   thing.  For the motions *in limine*, to the extent you want to

2   hear oral arguments on the 25th, should we come prepared for

3   oral arguments on those or --

4          THE COURT:  Yes.

5          MR. READ:  Okay.

6          THE COURT:  I haven't read them yet.  But, generally

7   speaking, I think you should be prepared for oral arguments.

8          MR. READ:  Yeah.  My question was going to be if

9   there's any you don't want to have oral argument, let us know,

10  but we'll come prepared.

11         THE COURT:  Okay.

12         MR. READ:  Yeah.

13         THE COURT:  Great.  All right.  Thank you very much,

14  and I'll see everybody on the 25th.

15         Parties are excused.

16             (Proceedings were concluded at 2:36 p.m.)

17

18

19

20

21

22

23

24

25

1              <u>CERTIFICATE OF OFFICIAL COURT REPORTER</u>

2

3         I, Nancy J. Meyer, Registered Diplomate Reporter,

4 Certified Realtime Reporter, do hereby certify that the above

5 and foregoing constitutes a true and accurate transcript of my

6 stenograph notes and is a full, true, and complete transcript

7 of the proceedings to the best of my ability.

8

9                   Dated this 12th day of July, 2022.

10

11                   /s/ Nancy J. Meyer

                  Nancy J. Meyer

12                   Official Court Reporter

                  Registered Diplomate Reporter

13                   Certified Realtime Reporter

                  333 Constitution Avenue Northwest

14                   Washington, D.C. 20001

15

16

17

18

19

20

21

22

23

24

25