**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>BERTELSMANN SE & CO. KGaA,<br>PENGUIN RANDOM HOUSE, LLC,<br>VIACOMCBS, INC., and<br>SIMON & SCHUSTER, INC.<br><br>*Defendants*. | Civil Action No. 1:21-cv-02886-FYP |

**SUPPLEMENTAL DECLARATION OF JULIA SCHILLER IN SUPPORT OF
DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE USE OF PRINTING-RELATED
EVIDENCE TO ESTABLISH ALLEGED ANTICOMPETITIVE EFFECTS**

1.      I am a partner with the law firm of O'Melveny & Myers LLP and counsel for

Defendants Bertelsmann SE & Co. KGaA and Penguin Random House, LLC, in the above-

captioned matter.  I have personal knowledge of the matters stated herein, and, if called upon,

could competently testify thereto.

2.      After Defendants served their first set of Requests for Production on the

government on January 24, 2022, I met and conferred with the government, along with my

colleagues, about categories of responsive documents from its investigations into two separate

publishing industry mergers—the 2021 HarperCollins-Houghton Mifflin Harcourt merger and

the 2021 Hachette-Workman merger—that it agreed were not protected from disclosure by

statute.  Following those discussions, the government produced responsive documents from the

investigation files of those two mergers that it agreed were not subject to statutory protection and

that had not already been produced in the litigation.

3.      But the government refused to engage in a similar discussion with respect to its

files from the investigation of the merger of two printing facilities: Quad/Graphics, Inc. and LSC

Communications, Inc. Instead, the government told my colleagues and me repeatedly that it

would not produce any documents from its files about the Quad/Graphics, Inc. and LSC

Communications, Inc. merger unless Defendants themselves identified categories of relevant,

non-protected materials in the government's Quad/Graphics investigation file. Counsel for

Defendants explained to the government that, since Defendants did not have access to the

contents of that file, it would be impossible for Defendants to speculate about what non-

protected materials existed in the file. The government therefore refused to engage in any further

meet and confer on this topic or to produce any documents on the basis of burden, an objection

for which the government refused to provide any basis other than citing the statutory protections

and protective order from the Quad/Graphics merger case.

4.      On April 12, 2022, I sent an email response to Department of Justice attorney

Bennett Matelson, noting that the government's "request that Defendants identify the 'specific

types of materials' sought by Request No. 13 is unreasonable and inconsistent with the federal

rules. It is the government's obligation to identify materials that are responsive to Defendants'

Requests for Production, and not the other way around. Nor is your Request

practicable: Defendants do not have the investigative file you agree is response to Request No.

13, so we obviously are not in a position to tell you what in that file is responsive without

information from the government on what is available."

5.      During the parties' correspondence and conferences regarding Defendants'

Request for Production No. 13, the government never offered to attempt to obtain third parties'

consent to produce to Defendants materials the government obtained from those third parties

during its Quad/Graphics investigation. Nor did the government offer to go through the file to

identify and locate non-protected materials

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 15, 2022, in Washington, D.C.

By: _____
        Julia Schiller

.