UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff,*<br><br>    v.<br><br>BERTELSMANN SE & CO. KGaA,<br>PENGUIN RANDOM HOUSE, LLC,<br>VIACOMCBS, INC., and<br>SIMON & SCHUSTER, INC,<br><br>                *Defendants*. | Civil Action No. 1:21-cv-02886-FYP |

**JOINT PRETRIAL STATEMENT**

Pursuant to Local Civil Rule 16.5(b) of U.S. District Court for the District of Columbia and the Case Management Order and Scheduling Order entered by the Court on December 15, 2021, Dkt. 53, the Parties respectfully submit this Joint Pretrial Statement.

I.    **Statement of the Case, Statements of Claims, and Statements of Defenses**

The Parties agree that the Court has jurisdiction over this action under 15 U.S.C. § 25. The Parties respectfully refer the Court to their respective Pretrial Briefs filed on July 15, 2022, that describe in detail their statements of the case, claims, and defenses.

II.    **Schedule of Witnesses to be Called**

The Parties respectfully refer the Court to **Exhibit A** (Schedule of Witnesses for the United States) and **Exhibit B** (Schedule of Witnesses for Defendants).

1

Pursuant to the minute entry entered by the Court following the July 11 status conference, the Parties will provide time estimates for the questioning of witnesses by July 25. Further provisions regarding timekeeping are described in Section IX below.

The Parties further agree and propose to the Court that if the United States calls a witness in its case-in-chief that Defendants intend to call in their case-in chief, that Defendants will be allowed to exceed the scope of the United States' direct examination for that witness.

III. **Exhibit Lists**

The Parties respectfully refer the Court to **Exhibit C** (United States' Exhibit List) and **Exhibit D** (Defendants' Exhibit List).

IV. **Deposition Designations**

The Parties respectfully refer the Court to **Exhibit E** (United States' Deposition Designations) and **Exhibit F** (Defendants' Deposition Designations). The Parties respectfully propose to the Court that they be allowed to present deposition designations to the Court during the course of the presentation of evidence in a manner that makes the most efficient use of the Court's time. Pursuant to the minute entry entered by the Court following the July 11 status conference, the Parties will provide time estimates for deposition designations that will be presented to the Court by July 25, 2022.

V. **Itemization of Damages**

No Party in this case seeks damages.

VI. **Request for Other Relief Sought**

The Parties respectfully refer the Court to their respective Pretrial Briefs.

VII.     **Procedure for Prior Disclosure of Demonstrative Exhibits to be Used at Trial**

The Parties propose that demonstrative exhibits need not be included on exhibit lists, but, unless otherwise agreed or ordered, need to be served on all Parties by 12 p.m. ET the calendar day before any such exhibit may be first introduced or otherwise used at trial. The Parties further propose that the following types of demonstrative exhibits need not be pre-disclosed to the opposing Party: demonstrative exhibits used during opening statements or closing arguments, demonstrative exhibits used for impeachment, demonstrative exhibits used at any hearing other than trial, and demonstrative exhibits created in court during a witness's examination. Demonstratives representing data or documents must rely only on data or documents that have been produced to the opposing Party by the close of fact discovery. Exhibits that a Party seeks to admit into evidence under Federal Rule of Evidence 1006 will be treated as other exhibits already on the Parties' exhibit lists for purposes of notice, addressing objections to admissibility, and protection of confidential information as discussed further in Sections XIII and XIV below.

VIII.    **Stipulation of Facts Agreed Upon by the Parties**

The Parties respectfully refer the Court to **Exhibit G** (Statement of Undisputed Facts).

IX.      **Proposal on Allocation of Trial Days**

As discussed with the Court during the July 11, 2022 status conference and reflected in the Court's minute order following that status conference, the Parties respectfully propose using a "chess clock" to apportion seventy-two (72) hours of time for the trial. The Parties shall be responsible for keeping time and determining the number of hours used each day. At the conclusion of each trial day, the Parties shall confer in good faith about the time used by each Party and report those time allotments to the Court.

The Parties respectfully propose allocating the United States thirty-eight (38) hours for its opening statement, case-in-chief, all cross-examinations, and rebuttal case, and allocating all Defendants thirty-four (34) hours in total for their opening statement(s), case-in-chief, and all cross-examinations. The Parties propose that closing arguments not count against a side's time allocation. The Parties agree that Defendants may allocate the time for opening statements and closing arguments among each of Bertelsmann, Penguin Random House, ViacomCBS, and Simon & Schuster should they so choose.

For deposition designations submitted to the Court, the Parties respectfully propose that designated deposition testimony shall be counted against the time allotment of the side that made that designation, without regard as to which side elicited the designated testimony in the deposition.

### X. Recommendation for Timing of the Filing for Post-Trial Briefing, Proposed Findings of Fact, and Proposed Conclusions of Law

The Parties respectfully propose that the Amended Schedule entered by the Court on June 7, 2022, Dkt. 86, be further amended such that (1) Proposed Findings of Fact and Proposed Conclusions of Law shall be filed with the Court twelve (12) days after the end of trial, and no later than August 31, 2022; and (2) Objections to Findings of Fact and Conclusions of Law shall be filed with the Court seven (7) days after the filing of the Proposed Findings of Fact and Conclusions of Law, and no later than September 7, 2022.

### XI. Cross-Designations Sought by Any Other Party Pursuant to Federal Rule of Evidence 106

The Parties respectfully refer the Court to **Exhibit E** (United States' Deposition Designations) and **Exhibit F** (Defendants' Deposition Designations).

XII. **FRCP 26(a)(3) Objections to the Admissibility of Exhibits, Including Authenticity Objections and Confidentiality Disputes**

The Parties respectfully refer the Court to **Exhibit C** (United States' Exhibit List) and **Exhibit D** (Defendants' Exhibit List). The Parties respectfully propose procedures for addressing objections and confidentiality disputes regarding exhibits in Section XIV below.

XIII. **FRCP 26(a)(3) Objections to the Use of Depositions, Including Authenticity Objections and Confidentiality Disputes**

The Parties respectfully refer the Court to **Exhibit E** (United States' Deposition Designations) and **Exhibit F** (Defendants' Deposition Designations). The Parties respectfully propose procedures for addressing objections and confidentiality disputes regarding deposition designations in Section XIV below.

XIV. **Procedures for Addressing Objections to the Use of Depositions, the Admissibility of Exhibits, and Treatment of Confidential and Highly Confidential Information at Trial**

Pursuant to Paragraph E.16 of the Protective Order, Dkt. 38, the Parties respectfully propose to the Court the following procedures to address the treatment of Confidential Information and Highly Confidential Information at trial. The proposal also recommends procedures for the addressing to the admissibility of exhibits and objections to the use of deposition testimony. The Parties also wish to inform the Court of a stipulation they have agreed to with respect to the treatment of certain types of confidential information. This stipulation is attached as **Exhibit H**.

1. **Exhibits**
    a. *Visibility*: The Parties will meet and confer regarding the confidentiality of exhibits and evidentiary objections according to the schedule below. Exhibits (or portions thereof) that the Parties agree are not confidential, or in the event of a

dispute, that the Court orders are not confidential, may be openly displayed and be made publicly available. Confidential exhibits will be kept out of public video during in-court testimony (i.e., turning off gallery monitors) and kept under seal until the end of trial. Partially confidential exhibits may be publicly displayed with the confidential portions redacted; confidential portions will remain under seal until the end of trial.

b. *Meet and Confer*: The Parties will meet and confer in advance of trial regarding the confidentiality of selected exhibits, as well as categories of information the Parties agree may be maintained under seal until the end of trial.

c. *Post-Trial Motion to Seal*: The Parties will then meet and confer after trial and prepare a joint motion to seal for all confidential evidence admitted into the record.

d. *Resolving Disputes (both confidentiality and evidentiary objections)*:

   i. For witnesses on both Parties' witness lists – both sides will disclose the exhibits they plan to use by 6:00 p.m. two (2) calendar days before the day the witness will testify, except exhibits to be used solely for impeachment. By no later than 6:00 p.m. the following day, the non-questioning Party must identify (i) objections to any of the disclosed exhibits; and (ii) any portion of the exhibit that it believes should be redacted as confidential and kept under seal. The Parties will meet and confer regarding any objections and confidentiality designations by 8:00 p.m. that same evening. Any remaining disputes with respect to the admissibility or

confidentiality of the exhibits shall be raised with the Court as appropriate before trial resumes on the day of their anticipated use.

    ii. For witnesses who are only on the calling Party's witness list – the calling Party will disclose the exhibits they plan to use, by 6:00 p.m. two (2) calendar days before the day the witness will testify, and the Parties will then confer on confidentiality and evidentiary objections and present any disputes to the Court according to the schedule above. The non-calling Party will not be required to disclose in advance documents to be used for cross examination of such witnesses and neither Party will be required to disclose exhibits to be used solely for impeachment. If such cross materials have previously been designated confidential by the producing Party, they initially will be kept out of public view. The Parties will meet and confer at 6:00 pm the day the confidential cross exhibits were introduced and absent agreement about their confidentiality, the disputed issues will be presented to the Court the next morning. After trial, the Parties will meet and confer to discuss which cross exhibits should be maintained under seal and which can be made public.

2. **Testimony**

    a. *Anonymize*: The Parties will anonymize or mask as much confidential information as possible. If possible, the Parties will refer the Court to documents without disclosing confidential information in testimony. The Parties may also take a "Rosetta Stone" approach, in which the Court, counsel, and the witness are

provided a separate sheet with codes masking certain confidential names, payments, financial terms, etc.

b. *Bifurcation*: Where anonymization is not possible, the Parties propose bifurcating an examination into public and confidential portions. The examination would begin with a public direct examination, followed by a public cross on those topics. Then, the courtroom would be closed for the confidential portion of the direct exam and cross examination on those topics.

c. *Third Parties*: During the live testimony of a third-party witness, counsel for the third party will allowed to be present in the courtroom, including during closed session, to address any confidentiality concerns of that third party with respect to testimony or exhibits used during that witness's examination.

3. **Deposition Designations**

    a. *Resolving Disputes*: The calling Party (or Parties if both sides originally designated) will disclose its/their designations by 6:00 p.m. five (5) calendar days prior to use in court. Promptly thereafter, but no later than forty-eight (48) hours after receipt, the non-calling Party will identify any affirmative or counter designations. The Parties will then confer on confidentiality and evidentiary objections and present any disputes to the Court as appropriate before trial resumes on the day of their anticipated use.

    b. *Muting*: Portions of video that contain testimony marked as either "confidential" or "highly-confidential" will be muted or made inaudible to the public in some manner. A non-redacted version of the transcript will be provided to the Court

with confidential portions indicated, or the Court and counsel will listen to that testimony with headphones.

4. **Third-Party Objections**

    a. Various third parties have objected to the public disclosure of certain exhibits and deposition designations on grounds that information within those materials is confidential under the Protective Order.

    b. The Parties agree to provide the public version of this Joint Pretrial Statement to third parties whose testimony they have designated and/or whose documents or data appear on their respective exhibit lists.

    c. Pursuant to the Court's instructions given during the July 11, 2022 status conference, third parties may submit letters to the Court raising any additional objections they have to the treatment of confidential information in their data, documents, or testimony, and request any additional relief or modifications to the above procedures. These letters will be sent to the Court by July 21, 2022, via email (pan_chambers@dcd.uscourts.gov). Third parties also may appear at the Final Pretrial Conference, to be held in Courtroom 12 of the E. Barrett Prettyman Courthouse, 333 Constitution Avenue N.W. Washington D.C. 20001, on July 25, 2022, at 10:00 a.m., to discuss their objections.  Third parties may also appear remotely via Zoom at the Final Pretrial Conference, and those wishing to do so should contact the courtroom deputy, Samantha Calloway, via email (Samantha_Calloway@dcd.uscourts.gov) about any logistics.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 15, 2022 |       /s/ John R. Read<br>John R. Read (DC Bar #419373)<br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street, NW, Suite 4000<br>Washington, DC 20530<br>Telephone: (202) 725-0165<br>Fax: (202) 514-7308<br>Email: john.read@usdoj.gov<br><br>*Counsel for Plaintiff United States of America* |
|  | By:      */s/ Daniel M. Petrocelli*<br>Daniel M. Petrocelli (appearing *pro hac vice*)<br>M. Randall Oppenheimer (appearing *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067<br>Telephone: (310) 553-6700<br>dpetrocelli@omm.com<br>roppenheimer@omm.com<br><br>Andrew J. Frackman (appearing *pro hac vice*)<br>Abby F. Rudzin (appearing *pro hac vice*)<br>**O'MELVENY & MYERS LLP**<br>7 Times Square<br>New York, NY 10026<br>Telephone: (212) 326-2000<br>afrackman@omm.com<br>arudzin@omm.com<br><br>Jonathan D. Hacker (D.C. Bar No. 456553)<br>Julia Schiller (D.C. Bar No. 986369)<br>**O'MELVENY & MYERS LLP**<br>1625 Eye Street, NW<br>Washington, D.C. 20006<br>Telephone: (202) 383-5300<br>jhacker@omm.com<br>jschiller@omm.com |

Deborah L. Feinstein (D.C. Bar No. 412109)
Jason Ewart (D.C. Bar No. 484126)
**ARNOLD & PORTER**
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
debbie.feinstein@arnoldporter.com
jason.ewart@arnoldporter.com

*Attorneys for Defendants Bertelsmann SE & Co. KGaA and Penguin Random House LLC*


By:   */s/ Stephen R. Fishbein*

Stephen R. Fishbein (appearing *pro hac vice*)
Jessica K. Delbaum (appearing *pro hac vice*)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
sfishbein@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (D.C. Bar No. 500031)
Michael Mitchell (D.C. Bar No. 1531689)
**SHEARMAN & STERLING LLP**
401 9th Street, N.W., Suite 800
Washington, D.C. 20004
Telephone: (202) 508-8000
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel E. Mossman (D.C. Bar No. 1016255)
**SHEARMAN & STERLING LLP**
2828 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone: (214) 271-5777
rachel.mossman@shearman.com

*Attorneys for Defendants Paramount Global (f/k/a ViacomCBS Inc.) and Simon & Schuster, Inc.*