~~HIGHLY CONFIDENTIAL~~
~~FILED UNDER SEAL~~

PUBLIC VERSION
NOT FILED UNDER SEAL

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

BERTELSMANN SE & CO. KGaA,
PENGUIN RANDOM HOUSE, LLC,
VIACOMCBS, INC., and
SIMON & SCHUSTER, INC,

*Defendants.*

Civil Action No. 1:21-cv-02886-FYP

### DECLARATION OF BENNETT J. MATELSON IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE USE OF PRINTING-RELATED EVIDENCE

1.  I am a Trial Attorney with the United States Department of Justice's Antitrust Division and counsel for the United States in the above-captioned matter.  I have personal knowledge of the matters stated herein, and, if called upon, could competently testify thereto.

2.  I was involved in the investigation preceding the filing of this case.  During the investigation, the United States requested documents regarding Bertelsmann's ownership and operation of printing facilities and industry access to printing facilities.

3.  In this litigation, the United States issued document requests for printing-related documents from Bertelsmann and PRH, including United States' Request 31, which was served on December 17, 2021.

4.  On January 24, 2022, Defendants served Defendants' Request 13 asking for documents and data "sent, received, or otherwise obtained in connection with any investigations

1

concerning the publishing industry that You have undertaken, conducted, or otherwise been involved in since January 1, 2016."

5.   The United States served its objections and responses to that request on February 2, 2022.  *See* Attachment A ("Att. A") at 12. In its objections, the United States noted its concerns about the overbreadth of this request and the statutory limits on production of investigative material under the Hart-Scott-Rodino Act and the Antitrust Civil Process Act. *See* 15 U.S.C. § 18a(h); 15 U.S.C. §1313(c).  Contrary to Defendants' assertions, the United States' objections did not deny the relevance of printing issues.  *See* Att. A. at 12. Rather, the objections noted that the request was "overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks documents related to all investigations regardless of their relevance to the issues in this case."  *Id.*  Due to the vagueness and overbreadth of the phrase "publishing industry," the United States noted that it would interpret the request to be limited to investigations into general trade book publishers regarding their work to acquire content for and sell general trade books, thus excluding investigations of non-trade book publishing, the printing industry, the paper industry, and book retailers, but including any investigation the United States may have opened into acquisitions of trade book publishers.  *See id.*

6.   On February 13, 2022, counsel for PRH and Bertelsmann sent a letter to the United States, proposing that Request 13 could be interpreted to exclude any investigation the United States had opened into the printing industry if the United States agreed that it did not intend to submit or rely on any evidence regarding printing or the printing industry. The United States rejected that proposal on February 22, 2022, noting "we cannot agree to your proposal, which asks us to concede our ability to present *any* evidence regarding printing or the printing industry, even if the evidence was produced in this litigation, but allow Defendants to do so." *See*

Att. B at 3.  In the interest of trying to resolve the disagreement, however, the United States confirmed that it would not submit or rely on any materials sent, received, or otherwise obtained in connection with any prior investigation into the printing industry. *See id.*

7.    On March 10, 2022, counsel for PRH and Bertelsmann sent a letter to the United States, taking issue with the United States' objections and responses.  The United States responded to the March 10 letter on March 14. *See* Att. C. In its letter, the United States stated that there was only one printing investigation implicated by Request 13, which resulted in the filing of the Complaint in *United States v. Quad/Graphics, Inc., et al.*, No. 1:19-cv-04153 (N.D. Ill. June 20, 2019).  *See id.* at 2.  The United States' letter reiterated the United States' inability to turn over the contents of its files from other investigations when those files contain confidential materials protected by statute and/or privilege when the United States is not making use of the materials in the litigation.  *See id.* at 2-3.  The United States identified as constraints on production not only the Antitrust Civil Process Act and Hart-Scott-Rodino Act but also the Protective Order entered in that case, which forbids disclosure to third parties without the producing parties' consent.  *Id.*  In its letter, the United States reconfirmed that it was not putting materials from any of the other investigations to direct use in this litigation.  *Id.* at 2.  Further, the United States explained that the *Quad/Graphics* matter involved four separate product markets, only one of which related to trade book printing: "There are thus large quantities of materials in our file involving markets that are of no relevance here (magazine, catalog, and non-trade book printing)."  *Id.*  The United States noted that in light of the protected status of the materials and the volume, staleness, and overbreadth of those materials, there could be further discussions after an identification by Defendants of any types of relevant, non-privileged materials they were seeking.  *Id* at 2-3. The United States noted in its letter that Defendants had the ability to "seek

data and documents from printers, retailers, and anyone else you believe may have relevant information on these topics." *Id.* at 2.

8.   On March 30, 2022, Bertelsmann and PRH counsel requested times for a call to discuss Request 13. *See* Att. D at 8-9. The United States responded on April 4, asking again for an identification of the types of relevant, non-privileged materials sought to help narrow the scope of the negotiation. *Id.* at 7.  On April 6, Bertelsmann and PRH counsel did not identify any materials but again asked for a call. *Id.*  On April 13, counsel for the United States again asked Bertelsmann/PRH counsel for a description of documents sought in the investigative files. *Id.* at 2-3.  Counsel held a meet and confer on April 18, in which the issues regarding Request 13 were discussed.  Counsel for Defendants declined to narrow their request or state with more particularity the information they sought from the file, or explain how it could be produced consistent with the Protective Order and the statutory confidentiality provisions of the Antitrust Civil Process Act and the HSR Act.

9.   Defendants' counsel took no further steps to resolve objections to Request 13 after the call on April 18.

10. In response to other requests from Defendants (Document Requests 1-3), the United States produced materials from past investigations in the trade book publishing industry. Specifically, the United States produced materials from the 2013 Penguin-Random House merger, the HarperCollins-Houghton Mifflin Harcourt merger, and the Hachette-Workman merger.  The United States was able to produce materials from the 2013 Penguin-Random House merger because it was able to agree with Defendants to exclude materials protected by statute or privilege from the scope of the search and production.  For the HarperCollins/Houghton Mifflin Harcourt and the Hachette-Workman mergers, the materials were produced pursuant to this

case's Case Management Order, Dkt. 53, which is an exception that allows the United States to produce statutorily-protected materials. Defendants did not seek an order from the Court for the *Quad/Graphics* investigation materials. The United States did not have any other investigations that it considered to be in the "publishing industry" (defined as excluding printing and non-trade book publishing) in the relevant time period.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2022, in Washington, D.C.

By:    _____

Bennett J. Matelson

# Attachment A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

          *Plaintiff,*

    v.

BERTELSMANN SE & CO. KGaA,
PENGUIN RANDOM HOUSE, LLC,
VIACOMCBS, INC., and
SIMON & SCHUSTER, INC,

          *Defendants*.

Civil Action No. 1:21-cv-02886-FYP

## PLAINTIFF UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Local Rule 26.2(d) of the U.S. District Court for the District of Columbia, the Scheduling and Case Management Order (Dkt. No. 53), and the Stipulated Protective Order (Dkt. No. 38), Plaintiff United States of America ("United States") provides the following objections and responses to Defendants' First Set of Requests for Production to Plaintiff ("First Document Requests"), dated January 24, 2022.

## GENERAL OBJECTIONS

1.      The United States objects generally to Defendants' Definitions, Instructions, and Requests to the extent that they seek to impose on the United States any obligations greater than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or any other applicable rule or Order of this Court.

2.      The United States objects generally to Defendants' First Document Requests to the extent that they request production of documents that are subject to the terms of confidentiality or non-disclosure agreements with non-parties or would violate privacy interests of others.

3.      The United States objects to Defendants' First Document Requests to the extent they seek production of documents that are protected from disclosure by the attorney-client privilege, deliberative-process privilege, attorney work-product doctrine, the law-enforcement investigatory files privilege, joint-prosecution privilege, common-interest privilege, or any other applicable privilege or statute governing confidentiality of information. Should any such disclosure by the United States occur, it is inadvertent and shall not constitute a waiver of any privilege. The United States reserves the right to demand the return of any such document and all copies, consistent with the terms of the Scheduling and Case Management Order or any applicable rule of evidence or procedure.

4.      The United States objects generally to Defendants' First Document Requests to the extent that they call for information that the United States already has produced to Defendants pursuant to Fed. Rule Civ. P. 26(a)(1), the Protective Order, and the Scheduling and Case Management Order. The United States has no obligation to produce that information again.

2

5.      The United States objects generally to Defendants' First Document Requests to the extent that they request premature production of expert material.

6.      The United States objects to Defendants' definition of "You" and "Your" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it refers to individuals or entities not within the Antitrust Division of the United States Department of Justice ("Antitrust Division"). The United States will construe "You" and "Your" as applying only to the Antitrust Division.

7.      The United States objects to Instruction 1 as overly broad and unduly burdensome. The United States agrees to produce materials only up to and including the date of Defendants' First Document Requests, January 24, 2022.

8.      The United States objects to Instruction 3, which requests that all documents be produced at Defendants' attorneys' offices. Due to data security protocols, producing documents and data at an external location will impose unnecessary burden on both the United States and Defendants. The United States proposes that an employee of Defendants' attorneys take custody of documents and data at the offices for the attorneys for the United States, located at 450 Fifth Street, NW, Washington, DC 20530.

9.      The United States objects to Instruction 8 as overly broad and unduly burdensome. As noted in its Specific Objections below, the United States objects to Defendants' First Document Requests to the extent that they call for the production of materials that are in Defendants' possession, custody, or control, including those that have already been produced by Defendants.

10.     The United States objects to Instruction 11 to the extent it purports to impose obligations that are greater than those set forth in Fed. R. Civ. P. 26(b)(5) and the Scheduling and Case Management Order.

11.     The United States expressly incorporates these General Objections to Defendants' Definitions, Instructions, and Requests into each response below. The failure to repeat any of these General Objections in a particular response does not waive any objections applicable to that Request.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1

Produce any Documents or data You sent, received, or otherwise obtained in connection with the 2013 merger of Penguin and Random House, which is referenced in Paragraph 18 of the Complaint. Instruction 1 does not apply to this request.

### Response to Request No. 1

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that it calls for the production of documents that are in Defendants' possession, custody, and control and/or documents that are not relevant to this case.

The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request to the extent it seeks the production of confidential material produced to the United States in connection with prior investigations in response to a Civil Investigative Demand or similar compulsory obligations, or pursuant to the Hart-Scott-Rodino Act. Except in limited circumstances not applicable here, such information is absolutely protected from disclosure by statute, unless the United States intends to make direct use of such materials in the present action. *See* 15 U.S.C. §1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

Subject to and without waiving the foregoing objections, the United States will produce such responsive information as may be agreed to after meet and confer discussions to clearly define a reasonable scope of information sought by this Request that will not impose undue burden.

**Request No. 2**

Produce any Documents or data You sent, received, or otherwise obtained in connection with the 2021 acquisition of Houghton Mifflin Harcourt's trade publishing business by HarperCollins Publishers, which is referenced in Paragraph 4, footnote 1, of the Complaint.

**Response to Request No. 2**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information from an unrelated transaction. To the extent Defendants seek information regarding this transaction's impact on the U.S. publishing market, such facts can be derived from sources that are less burdensome to search and are equally accessible to Defendants.

The United States objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request to the extent it seeks the production of confidential material produced to the United States in connection with prior investigations in response to a Civil Investigative Demand or similar compulsory obligations, or pursuant to the Hart-Scott-Rodino Act. Except in limited circumstances not applicable here, such information is absolutely protected from disclosure by statute, unless the United States intends to make direct use of such materials in the present action. *See* 15 U.S.C. §1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

Subject to and without waiving the foregoing objections, the United States will search for and produce non-privileged, external communications regarding the 2021 acquisition of Houghton Mifflin Harcourt's trade publishing business by HarperCollins Publishers, to the extent any exist and have not already been produced. The United States notes that it has already produced to Defendants the HSR Item 4(c) and 4(d) documents from this matter in the December 10, 2021 production of its investigative file.

**Request No. 3**

Produce any Documents or data You sent, received, or otherwise obtained in connection with the 2021 acquisition of Workman Publishing by Hachette Book Group, which is referenced in Paragraph 4, footnote 1, of the Complaint.

**Response to Request No. 3**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information from an unrelated transaction. To the extent Defendants seek information regarding this transaction's impact on the U.S. publishing market, such facts can be derived from sources that are less burdensome to search and are equally accessible to Defendants.

The United States objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request to the extent it seeks the production of confidential material produced to the United States in connection with prior investigations in response to a Civil Investigative Demand or similar compulsory obligations, or pursuant to the Hart-Scott-Rodino Act. Except in limited circumstances not applicable here, such information is absolutely protected from disclosure by statute, unless the United States intends to make direct use of such materials in the present action. *See* 15 U.S.C. §1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

Subject to and without waiving the foregoing objections, the United States will search for and produce non-privileged, external communications regarding the 2021 acquisition of Workman Publishing by Hachette Book Group, to the extent any exist and have not already been produced. The United States notes that it has already produced to Defendants the HSR Item 4(c) and 4(d) documents from this matter in the December 10, 2021 production of its investigative file.

## Request No. 4

Produce any Documents or data Regarding Your statement in Paragraph 29 of the Complaint that "authors of anticipated top-selling books generally do not view smaller publishers as competitively significant options compared to the Big Five."

## Response to Request No. 4

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 29 of its Complaint, to the extent not already produced.

## Request No. 5

Produce any data, calculations, work papers, or other Documents Regarding Your statement in Paragraph 31, footnote 2, of the Complaint that "the proposed merger would create a highly concentrated market for the acquisition of U.S. publishing rights to anticipated top-selling books and is presumptively anticompetitive."

**Response to Request No. 5**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. The United States objects to this Request as improperly seeking work product and privileged information. The United States further objects to this Request to the extent it prematurely seeks expert materials that will be disclosed during expert discovery.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in footnote 2 of its Complaint, to the extent not already produced.

**Request No. 6**

Produce any Documents or data Regarding Your statement in Paragraph 39 of the Complaint that "[s]elf-publishing and work-for-hire arrangements are not reasonable alternatives for authors seeking to sell the rights to publish their books in exchange for an advance."

**Response to Request No. 6**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 39 of its Complaint, to the extent not already produced.

**Request No. 7**

Produce any Documents or data You sent, received, or otherwise obtained in connection with any other mergers, acquisitions, or other transactions that have led to the alleged "significant consolidation" in the publishing industry in "recent years," that is referenced in Paragraph 41 of the Complaint

**Response to Request No. 7**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks information from unrelated investigations. To the extent Defendants seek information regarding these transactions' impact on the U.S. publishing

market, such facts can be derived from sources that are less burdensome to search and are equally accessible to Defendants.

The United States objects to this Request to the extent it is duplicative of other Requests, including Request No. 1, 2, and 3. The United States incorporates by reference the objections it raised to those Requests.

The United States objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request to the extent it seeks the production of confidential material produced to the United States in connection with prior investigations in response to a Civil Investigative Demand or similar compulsory obligations, or pursuant to the Hart-Scott-Rodino Act. Except in limited circumstances not applicable here, such information is absolutely protected from disclosure by statute, unless the United States intends to make direct use of such materials in the present action. *See* 15 U.S.C. §1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

Subject to and without waiving the foregoing objections, the United States will search for and produce documents responsive to this Request as outlined in its Responses to Requests No. 1, 2, 3, and 13, and to the extent any exist and have not already been produced.

## Request No. 8

Produce any Documents or data Regarding Your statement in Paragraph 52 of the Complaint that "royalty rates are typically identical among the Big Five publishers and are rarely negotiable."

## Response to Request No. 8

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 52 of its Complaint, to the extent not already produced.

**Request No. 9**

Produce any Documents or data Regarding Your statement in Paragraph 52 of the Complaint that "audio rights used to be negotiated separately but the Big Five publishers now generally demand that authors bundle audio rights with print and electronic rights."

**Response to Request No. 9**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 52 of its Complaint, to the extent not already produced.

**Request No. 10**

Produce any Documents Regarding Your statement in Paragraph 52 of the Complaint that "communications between employees of rival publishers is common."

**Response to Request No. 10**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 52 of its Complaint, to the extent not already produced.

**Request No. 11**

Produce any Documents Regarding Your statement in Paragraph 57 of the Complaint that "Penguin Random House has publicly stated that the merger with Simon & Schuster will provide a counterweight to Amazon's alleged buying power."

**Response to Request No. 11**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to form the basis of the quoted statement in Paragraph 57 of its Complaint, to the extent not already produced.

**Request No. 12**

Produce any Documents Regarding the proposed books listed in Your January 13, 2022 Objections and Response to Interrogatory No. 4.

**Response to Request No. 12**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents outside the possession, custody, or control of the Antitrust Division, such as documents prepared by state and other federal agencies and not produced to the Antitrust Division, and to the extent it includes documents and information equally available to Defendants, including documents and information that are publicly available or that can reasonably be obtained more conveniently from a source other than the United States. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

Subject to and without waiving the foregoing objections, the United States will search for and produce any non-privileged documents relied on to generate the list of proposed books in its January 13, 2022 Objections and Response to Interrogatory No. 4, to the extent not already produced.

**Request No. 13**

Produce any Documents or data You sent, received, or otherwise obtained in connection with any investigations concerning the publishing industry that You have undertaken, conducted, or otherwise been involved in since January 1, 2016.

**Response to Request No. 13**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks documents related to all investigations regardless of their relevance to the issues in this case. The Request is not narrowly tailored to the topics at issue in this case, and amounts to a fishing expedition by Defendants to rummage through sensitive files from years-old government investigations. The United States further objects to the extent the Request calls for materials excluded from discovery by the Scheduling and Case Management Order (*e.g.*, "Interview Memoranda"), any timing or Second Request modification agreements between the parties, or Federal Rule of Civil Procedure 26. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request to the extent it is duplicative of other Requests, including Request No. 2, 3, and 7. The United States incorporates by reference the objections it raised to those Requests.

The United States objects to this Request as vague and ambiguous, specifically as to the phrase "any investigations concerning the publishing industry." The United States will interpret this phrase to mean investigations into general trade book publishers regarding their work to acquire content for and sell general trade books. To be clear, the United States does not interpret this term to include any investigation it may have opened into the paper industry, printing industry, or issues relating to retailers' book pricing terms. This definition will encompass any investigation the United States may have opened into the 2021 acquisition of Houghton Mifflin Harcourt's trade publishing business by HarperCollins Publishers or the 2021 acquisition of Workman Publishing by Hachette Book Group.

The United States objects to this Request to the extent it seeks the production of confidential material produced to the United States in connection with prior investigations in response to a Civil Investigative Demand or similar compulsory obligations, or pursuant to the Hart-Scott-Rodino Act. Except in limited circumstances not applicable here, such information is absolutely protected from disclosure by statute, unless the United States intends to make direct use of such materials in the present action. *See* 15 U.S.C. §1313(c); 15 U.S.C. § 18a(h); *United States v. Am. Tel. & Tel. Co.*, 86 F.R.D. 603, 647-48 (D.D.C. 1979).

Subject to and without waiving the foregoing objections, the United States will search for and produce non-privileged documents called for by this Request, to the extent any exist and have not already been produced.

**Request No. 14**

Produce any Documents You sent, received, or otherwise obtained in connection with this action, from any non-parties to this action, that You have not already produced.

**Response to Request No. 14**

The United States objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it calls for materials excluded from discovery by the Scheduling and Case Management Order (*e.g.*, "Interview Memoranda"), any timing or Second Request modification agreements between the parties, or Federal Rule of Civil Procedure 26. The United States further objects to this Request as improperly seeking work product and privileged information, including information protected by the deliberative process privilege.

The United States objects to this Request as unnecessary and duplicative of Request No. 13. The United States incorporates by reference the objections it raised to that Request.

Subject to and without waiving the foregoing objections, the United States agrees to produce non-privileged communications with non-parties to this action, to the extent not already produced, consistent with any reciprocal agreement about the relevance, work product status, and production of post-Complaint communications by any party with non-parties related to this action.

Dated: February 2, 2022                              _____*/s/ John Read*_____
                                                      John R. Read (DC Bar #419373)
                                                      Jonathan S. Goldsmith (DC Bar #1044315)
                                                      Sarah H. Licht (DC Bar #1021541)
                                                      Bennett J. Matelson (DC Bar #454551)

                                                      United States Department of Justice
                                                      Antitrust Division
                                                      450 Fifth Street, NW, Suite 4000
                                                      Washington, DC 20530
                                                      Telephone: (202) 725-0165
                                                      Fax: (202) 514-7308
                                                      Email: john.read@usdoj.gov

                                                      *Counsel for Plaintiff United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 2, 2022, I served the foregoing on the below individuals by electronic mail:

<u>For Defendants Bertelsmann SE & Co. KGaA and Penguin Random House LLC</u>:

Daniel M. Petrocelli (dpetrocelli@omm.com)
M. Randall Oppenheimer
(roppenheimer@omm.com)
O'Melveny & Myers LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

Andrew J. Frackman (afrackman@omm.com)
Abby F. Rudzin (arudzin@omm.com)
Eamonn W. Campbell (ecampbell@omm.com)
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036

Julia Schiller (jschiller@omm.com)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

Debbie Feinstein
(Debbie.Feinstein@arnoldporter.com)
Arnold & Porter
601 Massachusetts Ave., NW
Washington, DC 20001

<u>For Defendants ViacomCBS Inc. and Simon & Schuster, Inc.</u>:

Stephen Fishbein (sfishbein@shearman.com)
Jessica Delbaum (jdelbaum@shearman.com)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Ryan Shores (ryan.shores@shearman.com)
Michael Mitchell
(michael.mitchell@shearman.com)
Shearman & Sterling LLP
401 9th Street NW, Suite 800
Washington, DC 20004

Rachel Mossman
(rachel.mossman@shearman.com)
Shearman & Sterling LLP
2828 North Harwood Street, Suite 1800
Dallas, TX 75201

Dated: February 2, 2022

*/s/ Jonathan S. Goldsmith*
Jonathan S. Goldsmith
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Phone: 202-436-6459
E-mail: jonathan.goldsmith@usdoj.gov

*Counsel for Plaintiff United States of America*

13

Attachment B



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20001*

February 22, 2022

Julia Schiller (jschiller@omm.com)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

      Re:    *U.S. v. Bertelsmann SE & Co. KGaA, et al.*

Dear Counsel:

We write in response to your February 17, 2022 letter regarding our February 7 meet and confer on Defendants' First Set of Requests for Production. Though we disagree with your characterization of several of our positions, we believe we can reach resolution on all of the issues in your letter. We have addressed each in turn below.

**Request No. 1.** We can confirm your bottom-line understanding: we agree to search our official files and produce non-privileged, previously unproduced documents responsive to this Request, to include any substantive communications with third parties sent, received, or otherwise obtained in connection with the 2013 merger, including any formal or informal submissions (letters, presentations, white papers, etc.) to the extent that any exist. This will exclude the following categories that you have agreed to: materials that Bertelsmann produced in the investigation into the 2013 merger, communications with third parties that solely relate to the scheduling of meetings, and documents produced in response to the Civil Investigative Demand to Pearson issued in connection with this transaction. This also excludes the following categories of materials over which we assert the privileges listed in our Responses and Objections: documents memorializing interviews conducted with third parties, and communications with other antitrust enforcers regarding any parallel investigations into the 2013 merger.

**Requests No. 2–3.** We can confirm your bottom-line understanding: our production of external communications will include any presentations, letters, white papers, or other submissions made to the Division by or on behalf of Houghton Mifflin Harcourt, HarperCollins Publishers, Workman Publishing, or Hachette Book Group, and any documents the Division received in connection with those presentations, to the extent that any exist and have not yet been produced. We have one point of clarification to what seems to have been a miscommunication in our meet and confer. It is not accurate that neither HarperCollins nor Houghton Mifflin Harcourt produced any materials to the Division in response to the voluntary request relating to their 2021 transaction. We intended to communicate our belief that there are no such materials *that have not already been produced*. Materials produced by HarperCollins and Houghton Mifflin Harcourt

relating to this voluntary request can be found in our December 10, 2021 production to Defendants.

**Requests No. 4–6 and 8–11.** As discussed at length in our meet and confer, our Response was not intended to rewrite Defendants' Request, but rather to provide a reasonable search that we were willing to undertake to identify documents responsive to Defendants' overbroad Request. Putting aside the semantics of that debate, we can confirm your bottom-line understanding: we agree to conduct a reasonable search for and produce any non-privileged, non-public documents responsive to these Requests, regardless of whether those documents support or contradict the quoted statements.

**Request No. 13.** We believe we can reach a mutually agreeable resolution regarding this Request with the following proposals. First, regarding any investigation the Antitrust Division may have opened into the printing industry: we cannot agree to your proposal, which asks us to concede our ability to present *any* evidence regarding printing or the printing industry, even if the evidence was produced in this litigation, but allow Defendants to do so. However, if it resolves the issues regarding this Request, we can confirm that we will not submit or rely on any materials sent, received, or otherwise obtained in connection with any prior investigation into the printing industry.

Second, regarding the non-merger investigation relating to retailers' contract terms in the eBooks market: to provide clarification, this investigation discussed in our meet and confer is different than the one referenced in paragraph 53 of our Complaint (which concluded prior to the relevant date range of Defendants' RFPs). If it resolves the issues regarding this Request, we can agree to the first part of your proposal and confirm that we will not rely on or use any documents sent, received, or otherwise obtained in connection with this investigation. We cannot agree to the rest of your proposal, which asks us to concede our ability to present *any* evidence concerning the retail pricing of eBooks, regardless of the source of that evidence, and even if presented in rebuttal to claims that Defendants later make in this case.

We believe this letter should resolve all outstanding issues relating to your February 17 letter, but please let us know if you would like to discuss further.

Sincerely,

     */s/ Bennett J. Matelson*

Bennett J. Matelson

United States Department of Justice
Antitrust Division

# Attachment C



**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*

*450 5ᵗʰ Street, N.W.*
*Washington, DC 20001*

March 14, 2022

***Via Email***

Julia Schiller (jschiller@omm.com)
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

    Re:  <u>*U.S. v. Bertelsmann SE & Co. KGaA, et al.*</u>

Dear Julia:

I write in response to your March 10, 2022 letter regarding Defendants' First Set of
Requests for Production.

First, your letter is incorrect in suggesting that the United States is in any way preventing
Defendants from obtaining fact discovery regarding trade book printing or the retail sales
of ebooks.  Defendants have been free since discovery opened on December 15, 2021 to
seek data and documents from printers, retailers, and anyone else you believe may have
relevant information on those topics.  The issue raised by your Request 13 is a much
different one: whether the United States can turn over the contents of its files from other
investigations when those files contain confidential materials protected by statute and/or
privilege and the United States is making no use of the materials in this litigation.  As we
have explained, materials obtained via the Antitrust Civil Process Act and the Hart-Scott-
Rodino Act are protected from disclosure by statute and there is no exception that
currently applies.  15 U.S.C. §1313(c); 15 U.S.C. § 18a(h).  The statutes and caselaw are
clear that such materials are protected from discovery unless put to direct use by the
United States in this litigation, which we have already confirmed we have not and will
not do.

Because it is a publicly-filed case, we can confirm that the printing industry matter
implicated by Request 13 is *United States v. Quad/Graphics, Inc., et al.*, No. 1:19-cv-
04153 (N.D. Ill. June 20, 2019).  In the pre-complaint investigation of that merger, the
United States issued a second request under the HSR Act and issued numerous Civil
Investigative Demands to third parties.  These materials were collected several years ago
and there have been significant changes in the industry since then, including
Bertelsmann's acquisition of two of Quad's former printing plants.  Moreover, the Quad
matter involved four separate product markets, only one of which related to trade books.
There are thus large quantities of materials in our file involving markets that are of no
relevance here (magazine, catalog, and non-trade book printing).  In addition to statutory
confidentiality, we note that materials produced by and to the United States in the Quad
litigation are subject to the July 11, 2019 protective order entered by the court (ECF Doc.

#50), which forbids disclosure to third parties without the producing parties' consent. For all of these reasons, we see little purpose in trying to sort through the various statutory and protective order-related issues when Defendants can obtain more targeted and more up-to-date information directly from market participants.  Nevertheless, if Defendants can identify any types of relevant, non-privileged materials that would fall outside the scope of statutory protection, we are willing to discuss with you whether and how such materials could potentially be produced.

With respect to the retail ebooks matter, your statement that "[t]he government has alleged facts about retailers' contract terms in the eBooks market in this case" misapprehends the Complaint.  The cited paragraph in the Complaint refers to a litigation involving agreements among *publishers* that were found to violate Section 1 of the Sherman Act.  That paragraph relates to the risk of post-merger coordinated effects on competition at the publisher level that would harm authors, not to any effects on ebook retailers.  As we have already confirmed, the Division investigation implicated by Request 13 is non-public and is not the one referenced in paragraph 53 of the Complaint.  Thus, we do not understand the basis for your argument that the Division's prior investigation in a different market is relevant to this litigation.

In light of the above information, please let us know how you would like to proceed.  We are available for a meet and confer tomorrow or Thursday morning if you would like to discuss further.


Sincerely,


_____/s/_____
Bennett J. Matelson


United States Department of Justice
Antitrust Division

Attachment D

| From: | Schiller, Julia |
|---|---|
| To: | Matelson, Bennett (ATR); Kelley, Collier (ATR); Petrocelli, Daniel M.; Frackman, Andrew; Oppenheimer, M. Randall; Feinstein, Debbie; Stephen Fishbein; Ryan Shores; Rudzin, Abby F.; Michael Mitchell; Smith, Megan K.; Nadler, Andrew; Daniel Chozick |
| Cc: | Read, John (ATR); Licht, Sarah (ATR); Goldsmith, Jonathan (ATR); Leal, Jessica (ATR) |
| Subject: | [EXTERNAL] RE: US DOJ RFP Production |
| Date: | Thursday, April 14, 2022 12:31:29 PM |

Ben,

Thank you for agreeing to meet and confer.  Defendants are available tomorrow morning at 10am.  Please confirm that works for DOJ.  If it does, we can use the following dial-in:  866-285-2458; passcode 202 383 5412.

On the call, please be prepared to discuss:

- Request 13;
- the issues regarding Requests 4–6 and 8–11 raised in my email of April 6; and
- Request 7.

Please also be prepared to discuss the scope of the search you conducted in connection with Request 12.

Rather than engage in further letter correspondence we will address the remainder of your email, which contains numerous inaccuracies, on our call.

Best,
Julia

Julia A. Schiller
O: +1-202-383-5412
jschiller@omm.com

**From:** Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>
**Sent:** Wednesday, April 13, 2022 10:46 AM
**To:** Schiller, Julia <jschiller@omm.com>; Kelley, Collier (ATR) <Collier.Kelley@usdoj.gov>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>; Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>; Leal, Jessica (ATR) <Jessica.Leal@usdoj.gov>
**Subject:** RE: US DOJ RFP Production

[EXTERNAL MESSAGE]

Julia – it is absolutely incorrect that the United States has refused to meet and confer on the scope of Request 13. In fact, in my letter of March 14 (attached here for your convenience) I offered to meet and confer on either March 15 or March 17. That offer was ignored. I did not hear from you again on this subject for 16 days thereafter. The meeting required by the CMO to which you refer in your email was held on February 7, 2021. The parties have been in negotiations to resolve the United States' objections (including to Request 13) since that time, in compliance with the CMO. My email on April 8 was not a refusal to meet and confer, but rather a proposal about what we view as the most efficient way to continue the negotiations (a proposal which I first raised on March 14, and to which you did not respond). As you know, investigative files for matters that proceed to litigation, such as the Quad-LSC file at issue here, can be quite voluminous, often containing many hundreds of thousands of pages of documents, and it is not practical to review and summarize the entire contents of the file. Nor would we be able to determine what defendants might believe is relevant to this case: the information is years-old (we understand the vast majority is from 2018 or earlier), and covers an industry that prints many items other than trade books, including magazines, catalogs, phone directories, and educational materials, and that has since experienced bankruptcy and restructuring. Based on your experience with the PRH-S&S investigative file, and our negotiations over the production from the 2013 Penguin-Random House file, we believe it is reasonable to expect that you can provide at least a general description of the documents that defendants are seeking and why they are relevant to this litigation (and not protected from discovery by statute or court order). I understand from your email yesterday afternoon that you reject this approach and refuse to provide information that would help narrow the scope of the dispute. I also need to correct your assertion that the United States agrees that this file is "respons[ive]" to Request 13 – as stated in our objections served on February 2, we do not agree. While we continue to believe that our March 14 proposal is the most efficient way to proceed, we are available to discuss with you any proposals you have to resolve the objections asserted by the United States. My colleagues and I are available much of this coming Friday, April 15. Please let me know what times would work for you that day.

Finally, to help us prepare for the discussion, please specify what "other issues raised by [my] email" you are referring to, and list any other topics you plan to raise on the call.

Thank you,
Ben

Bennett J. Matelson
Trial Attorney
Antitrust Division
450 Fifth St., NW
Suite 4000
Washington, DC 20530
(202) 378-7039 (work mobile)
Bennett.Matelson@usdoj.gov

---

**From:** Schiller, Julia <jschiller@omm.com>
**Sent:** Tuesday, April 12, 2022 4:26 PM
**To:** Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>; Kelley, Collier (ATR)

<Collier.Kelley@usdoj.gov>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew
<afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie
<Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores
<Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell
<Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Nadler, Andrew
<anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>;
Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>; Leal, Jessica (ATR)
<Jessica.Leal@usdoj.gov>
**Subject:** [EXTERNAL] RE: US DOJ RFP Production

Ben,

We were disappointed to see that the government is refusing to meet and confer regarding
the scope of Defendants' Request for Production No. 13, despite our repeated requests.
Throughout this case the government has requested many meet and confers to discuss its
Requests for Production to Defendants, and Defendants have consistently agreed to
promptly meet and confer.  That the government is not willing to extend the same treatment
to Defendants, in clear violation of the Case Management Order, is concerning.  See CMO
at 11 ("Within 3 business days of service of any objections, the parties must meet and
confer to attempt to resolve in good faith any objections and to agree on custodians to be
searched.").

Your request that Defendants identify the "specific types of materials" sought by Request
No. 13 is unreasonable and inconsistent with the federal rules.  It is the government's
obligation to identify materials that are responsive to Defendants' Requests for Production,
and not the other way around.  Nor is your Request practicable:  Defendants do not have
the investigative file you agree is response to Request No. 13, so we obviously are not in a
position to tell you what in that file is responsive without information from the government
on what is available.  Understanding that the parties may not resolve all issues on Request
No. 13 in an initial meet and confer, that is not a reason to refuse to meet and confer.
Please provide times this week when you are available to discuss Request No. 13.  On that
call we can also discuss the other issues raised by your email below.

Best,
Julia

Julia A. Schiller
O: +1-202-383-5412
jschiller@omm.com

_____

**From:** Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>
**Sent:** Friday, April 8, 2022 11:25 AM
**To:** Schiller, Julia <jschiller@omm.com>; Kelley, Collier (ATR) <Collier.Kelley@usdoj.gov>; Petrocelli,
Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M.
Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>;
Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>;
Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith,
Megan K. <megansmith@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick

<Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>;
Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>; Leal, Jessica (ATR)
<Jessica.Leal@usdoj.gov>
**Subject:** RE: US DOJ RFP Production


[EXTERNAL MESSAGE]

Julia – I won't attempt a point-by-point rebuttal of your email, but let me try to cut to the bottom line by reiterating what I said in my April 4 email: after conducting a reasonable search as agreed to in our meet and confer process, we have completed our production of materials responsive to defendants' first request for production, with the exception of certain documents requested by specifications 13 and 14, which remain under negotiation.  To be clear, request no. 7 was not excluded from our search.  Contrary to the suggestion in your April 6 and March 30 emails, the United States has produced numerous documents in this litigation that are responsive to your first set of requests, including most importantly the investigative file that was produced on December 10, 2021.  As is typical in merger cases, the vast majority of documents in the possession, custody, or control of the Division come from the pre-complaint investigative file.  Moreover, defendants have been receiving all documents produced by third parties to the United States in post-complaint discovery, many of which are also responsive to the subjects of defendants' first request for production.  In addition, the Division made three productions to defendants on February 14, March 14, and March 23, which contain additional documents from Division files responsive to requests 1-3, as well as emails with third parties (including Kensington and Disney) and several hundred documents from Kensington.  Given the volume of these third-party documents, we have not reviewed each document to determine which request it may be responsive to.  While we reserve the right to supplement if we learn of materials inadvertently overlooked despite our good-faith efforts, we confirm that we are not otherwise withholding non-privileged, responsive documents we have agreed to produce.


With respect to request 13, I requested on March 14 and again on April 4 that defendants provide a description of the specific types of materials you are seeking so that I can investigate what exists in our files and assess whether they are subject to restrictions on our ability to produce them, including under statute or protective order.  I await your response.  Without at least a high-level understanding of what you want we will not be able to make substantive progress toward resolving our objections on a call.  After you provide this information, I will likely need a few days to investigate and will promptly contact you thereafter to schedule a call.


Sincerely,
Ben

Bennett J. Matelson
Trial Attorney
Antitrust Division
450 Fifth St., NW
Suite 4000

Washington, DC 20530
(202) 378-7039 (work mobile)
Bennett.Matelson@usdoj.gov

---

**From:** Schiller, Julia <jschiller@omm.com>
**Sent:** Wednesday, April 6, 2022 10:45 PM
**To:** Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>; Kelley, Collier (ATR)
<Collier.Kelley@usdoj.gov>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew
<afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie
<Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores
<Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell
<Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Nadler, Andrew
<anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>;
Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>; Leal, Jessica (ATR)
<Jessica.Leal@usdoj.gov>
**Subject:** [EXTERNAL] RE: US DOJ RFP Production

Ben,

We write in response to your email of April 4 regarding Defendants' First Set of Requests for
Production.  We were surprised by your statement that you have completed your production of
responsive materials with the exception of materials called for by Requests Nos. 13 and 14.  In
particular, as we communicated on March 30th, we have been unable to identify any documents
produced by the government in response to Requests Nos. 4–6 and 8–11, despite the government's
agreement that it would "conduct a reasonable search for and produce any non-privileged, non-
public documents responsive to [those] Requests, regardless of whether those documents support
or contradict the quoted statements."  *See* B. Matelson's Letter of February 22, 2022.  If it is your
position that no documents responsive to Requests Nos. 4–6 and 8–11 are within the government's
possession, custody, or control, please state that; or if the government has produced documents
responsive to Requests Nos. 4–6 and 8–11, please identify the bates ranges of documents that are
responsive to each Request.  *See* Fed. R. Civ. P. R. 34(b)(2)(e).

For Requests Nos. 1–3, please confirm that the government has completed its productions in
response to these Requests.

For Request No. 7, which seeks "Documents or data You sent, received, or otherwise obtained in
connection with any other mergers, acquisitions, or other transactions that have led to the alleged
'significant consolidation' in the publishing industry in 'recent years,' that is referenced in Paragraph
41 of the Complaint," the government stated in its response that it would "search for and produce
documents "responsive to this Request as outlined in its Responses to Requests No. 1, 2, 3, and 13."
However, Request No. 7 is broader than Requests Nos. 1–3, which seek documents relating to
specific identified transactions, and Request No. 13, which is limited to investigations concerning the
publishing industry that the Antitrust Division has undertaken, conducted, or otherwise been

involved in since January 1, 2016.  If the government agrees that the "significant consolidation" it alleges in the publishing industry in "recent years" in Paragraph 41 of the Complaint is limited to the transactions covered by Requests Nos. 1–3 (the 2013 merger of Penguin and Random House, the 2021 acquisition of Houghton Mifflin Harcourt's trade publishing business by HarperCollins Publishers, and the 2021 acquisition of Workman Publishing by Hachette Book Group) and the investigations covered by Request No. 13 (investigations concerning the publishing industry that the Antitrust Division has undertaken, conducted, or otherwise been involved in since January 1, 2016), PRH can agree that DOJ's productions in response to Requests Nos. 1–3 and 13 would satisfy the government's obligations to Request No. 7.  However, if the government cannot agree to that representation, the scope of Request No. 7 is broader than those Requests, and we request that the government search for and produce documents called for by the language of Request No. 7.

For Request No. 14, we understand that the issue of a bilateral standard for discovery of third-party communications is being negotiated by our colleagues in conjunction with the government's parallel discovery requests that seek third-party communications.

Finally, for Request No. 13, as we requested on March 30, we believe it would be helpful to discuss the open issues on this Request.  Please let us know if you are available after 1PM ET this Friday to discuss.

Best,
Julia

Julia A. Schiller
O: +1-202-383-5412
jschiller@omm.com

**From:** Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>
**Sent:** Monday, April 4, 2022 4:31 PM
**To:** Schiller, Julia <jschiller@omm.com>; Kelley, Collier (ATR) <Collier.Kelley@usdoj.gov>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>; Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>; Leal, Jessica (ATR) <Jessica.Leal@usdoj.gov>
**Subject:** RE: US DOJ RFP Production

[EXTERNAL MESSAGE]

Julia – I write in response to your March 30 email.  At the outset, I need to correct your highly misleading claim that "the government has produced fewer than 50 documents total in this case."  We cannot understand what you believe to be the basis for this statement.  As you know, the United

States produced over 400,000 bates-stamped pages to defendants, consisting of the entire non-privileged portion of our investigative file, on December 10, 2021 -- prior to the issuance of your first set of document requests.  In addition, the United States has promptly turned over documents and data received from third-party subpoenas issued during discovery, and any communications relating to those subpoenas, in compliance with the Case Management Order.  These materials are directly responsive to your first set of document requests.  Further, in response to defendants' document requests, and pursuant to the parameters agreed to in the meet and confer process, the United States has conducted a reasonable search of its files and has promptly produced additional materials responsive to your requests on a rolling basis.  We have completed our production of responsive materials, with the exception of those discussed in the following paragraph, which remain the subject of continuing negotiations.

We understand that there are two general categories of documents that are subject to unresolved objections by the United States.  The first relates to post-complaint communications with third-parties responsive to request 14.  The status of that ongoing negotiation is documented in a March 23 email Jessica Leal sent Megan Smith regarding the reciprocal production of communications in response to request 14 to the United States and our parallel request 43 to defendants Bertelsmann/Penguin Random House and request 34 to Paramount Global/Simon & Schuster.  To date, we have had no response from defendants to that email.  Second, you have demanded documents from internal Antitrust Division files relating to certain prior investigations pursuant to request 13 (and to the extent there is overlap, request 7).  We have raised multiple objections to this demand, including relevance, burden, privilege, and statutory confidentiality, but have said that we are willing to discuss further whether certain documents could potentially be produced.  To facilitate that discussion, I asked you on March 14 to "identify any types of relevant, non-privileged [Quad-LSC] materials that would fall outside the scope of statutory protection," but your March 30 email does not address this request.  Please provide this information promptly so I can investigate what materials may exist before our next call.  Finally, please suggest some times you are available for a meet and confer and we will work with you to find a mutually convenient time.

Regards,
Ben

Bennett J. Matelson
Trial Attorney
Antitrust Division
450 Fifth St., NW
Suite 4000
Washington, DC 20530
(202) 378-7039 (work mobile)
Bennett.Matelson@usdoj.gov

---

**From:** Schiller, Julia <jschiller@omm.com>
**Sent:** Wednesday, March 30, 2022 3:01 PM

**To:** Kelley, Collier (ATR) <Collier.Kelley@usdoj.gov>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>; Matelson, Bennett <Bennett.Matelson@usdoj.gov>; Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>
**Subject:** [EXTERNAL] RE: US DOJ RFP Production

Ben,

We write regarding PRH's First Set of Requests for Production.

***Status of Productions.*** Under the Case Management Order, the parties are required to produce documents responsive to Requests for Production within 28 days after service of the requests or, in the case of requests subject to unresolved objections for longer than 14 days after service of the requests, within 14 days after resolution of any objections. *See* Scheduling and Case Management Order ("CMO") at 11. PRH served its First Set of Requests for Production on January 24, and the parties resolved any objections on Requests Nos. 1–11 at the latest on February 22, as documented in Bennett Matelson's letter on that date. Under the CMO, the government was therefore required to complete its productions in response to Requests Nos. 1–11 by March 8. There have never been any unresolved objections for Request No. 12, and the government was therefore required to complete its production by February 21.

Although the deadline for the government to complete its productions in response to Requests No. 1-12 has passed, based on our review there are several requests in response to which it appears the government has not produced any documents. This is particularly concerning given that the government has produced fewer than 50 documents total in this case. Specifically, we have received no productions responsive to the following requests:

> **Request No. 4:** Produce any Documents or data Regarding Your statement in Paragraph 29 of the Complaint that "authors of anticipated top-selling books generally do not view smaller publishers as competitively significant options compared to the Big Five."
>
> **Request No. 5:** Produce any data, calculations, work papers, or other Documents Regarding Your statement in Paragraph 31, footnote 2, of the Complaint that "the proposed merger would create a highly concentrated market for the acquisition of U.S. publishing rights to anticipated top-selling books and is presumptively anticompetitive."
>
> **Request No. 6:** Produce any Documents or data Regarding Your statement in Paragraph 39 of the Complaint that "[s]elf-publishing and work-for-hire arrangements are not reasonable alternatives for authors seeking to sell the rights to publish their books in exchange for an advance."

**Request No. 7:** Produce any Documents or data You sent, received, or otherwise obtained in connection with any other mergers, acquisitions, or other transactions that have led to the alleged "significant consolidation" in the publishing industry in "recent years," that is referenced in Paragraph 41 of the Complaint.

**Request No. 8:** Produce any Documents or data Regarding Your statement in Paragraph 52 of the Complaint that "royalty rates are typically identical among the Big Five publishers and are rarely negotiable."

**Request No. 9:** Produce any Documents or data Regarding Your statement in Paragraph 52 of the Complaint that "audio rights used to be negotiated separately but the Big Five publishers now generally demand that authors bundle audio rights with print and electronic rights."

**Request No. 10:** Produce any Documents Regarding Your statement in Paragraph 52 of the Complaint that "communications between employees of rival publishers is common."

**Request No. 11:** Produce any Documents Regarding Your statement in Paragraph 57 of the Complaint that "Penguin Random House has publicly stated that the merger with Simon & Schuster will provide a counterweight to Amazon's alleged buying power."

**Request No. 12:** Produce any Documents Regarding the proposed books listed in Your January 13, 2022 Objections and Response to Interrogatory No. 4.

Please let us know when the government anticipates completing its production in response to these requests; or if the government's position is that its production in response to these requests is complete, please state that. In addition, please confirm that the government has completed its productions in response to Requests Nos. 1–3, and that all documents identified by a reasonable search responsive to these requests have been produced.

***Request No. 13.*** We have reviewed Bennett Matelson's letter of March 10 and think it would be helpful to discuss the open issues on this request rather than engage in further letter correspondence. Please let us know your availability for a call.

Sincerely,
Julia

Julia A. Schiller
O: +1-202-383-5412
jschiller@omm.com

---

**From:** Kelley, Collier (ATR) <Collier.Kelley@usdoj.gov>
**Sent:** Wednesday, March 23, 2022 11:23 AM
**To:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Schiller, Julia <jschiller@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>

**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>; Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>; Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>
**Subject:** RE: US DOJ RFP Production

## [EXTERNAL MESSAGE]

All – please see the attached cover letter for today's document production.  The password is **ATRd0j#1**

Thanks,

Collier Kelley
Trial Attorney
U.S. Department of Justice | Antitrust Division
(202) 445-9737
Collier.Kelley@usdoj.gov

---

**From:** Kelley, Collier (ATR)
**Sent:** Tuesday, March 22, 2022 3:32 PM
**To:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Frackman, Andrew <afrackman@omm.com>; Oppenheimer, M. Randall <roppenheimer@omm.com>; Feinstein, Debbie <Debbie.Feinstein@arnoldporter.com>; Stephen Fishbein <SFishbein@shearman.com>; Ryan Shores <Ryan.Shores@shearman.com>; Rudzin, Abby F. <arudzin@omm.com>; Michael Mitchell <Michael.Mitchell@Shearman.com>; Smith, Megan K. <megansmith@omm.com>; Schiller, Julia <jschiller@omm.com>; Nadler, Andrew <anadler@omm.com>; Daniel Chozick <Daniel.Chozick@Shearman.com>
**Cc:** Read, John (ATR) <John.Read@usdoj.gov>; Licht, Sarah (ATR) <Sarah.Licht@usdoj.gov>; Matelson, Bennett (ATR) <Bennett.Matelson@usdoj.gov>; Goldsmith, Jonathan (ATR) <Jonathan.Goldsmith@usdoj.gov>
**Subject:** US DOJ RFP Production

Good afternoon,

The United States has prepared a production in response to Defendants' First Set of Requests for Production to Plaintiff.  We have prepared two copies (one for each defendant).

In order for us to prepare the chain of custody forms, can you provide the following information for the person(s) who will be picking up the materials?
- Name
- Firm
- Address
- Phone
- Email address

The pickup will be at the Liberty Square Building located at: 450 5th St. NW, Washington, DC 20530. I will meet the person at the 6th Street entrance.

The production can be picked tomorrow, Wednesday, March 23, 2022 from 10:00 am est – 5:00 pm est.

Please let me know which time works best for each defendant.

Thank you,

Collier Kelley
Trial Attorney
U.S. Department of Justice | Antitrust Division
(202) 445-9737
Collier.Kelley@usdoj.gov