UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             *Plaintiff,*<br>       v.<br><br>BERTELSMANN SE & CO. KGaA,<br>PENGUIN RANDOM HOUSE, LLC,<br>VIACOMCBS, INC., and<br>SIMON & SCHUSTER, INC,<br><br>             *Defendants.* | Civil Action No. 1:21-cv-02886-FYP |

### UNITED STATES' SUPPLEMENTARY BRIEF ON ITS MOTION TO FILE ITS MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM JENNIFER RUDOLPH WALSH UNDER SEAL

Plaintiff, through undersigned counsel, pursuant to the Court's Minute Order of July 11, 2022, and further instructions provided by the Court during the status conference on July 11, 2022, hereby submits this Supplemental Brief to its Motion to File Under Seal Its Motion *in Limine* to Exclude Expert Testimony from Jennifer Rudolph Walsh (the "Walsh Motion"), Dkt. 96. As noted by the Court in its Minute Order, Defendants do not oppose the Walsh Motion.

Although there is a strong presumption in favor of public access to judicial proceedings, access "may be denied 'to minimize the danger of an unfair trial by adverse publicity.'" *In re McCormick & Co., Inc., Pepper Prod. Mktg. & Sales Practices Litig.*, 316 F. Supp. 3d 455, 463 (D.D.C. 2018) (quoting *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980)). In *Hubbard*, the D.C. Circuit set forth six factors that district courts must consider when determining whether to seal documents: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected

to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22.

Here, the United States seeks to keep under seal an internal business document of Penguin Random House (Exhibit C) and redact the discussion of that document in the Walsh Motion itself. In addition, Ms. Walsh's report (Exhibit B) is redacted with respect to a third party's confidential information about a specific book it acquired. Ms. Walsh's deposition excerpt (Exhibit A) does not contain any confidential information and is attached to this Supplemental Brief without redactions.

There is no need for public access to this information at this point. The individual exhibits have not been disclosed to the public and already have been designated "Confidential" or "Highly Confidential" by the producing entities pursuant to the Case's Protective Order, Dkt. 38. To the extent that public access to information about potential exhibits that may be used at trial is warranted, the Parties have recommended a procedure by which confidentiality issues may be resolved in Section XIV.1 of the Joint Pretrial Statement, Dkt. 119. This proposal will allow the Court and the Parties to weigh the public interest in access to the exhibits and information discussed in the Walsh Motion and the *Hubbard* factors on an individualized basis. Therefore, the first *Hubbard* factor weighs in favor of sealing and redaction.

With respect to the other *Hubbard* factors, there has been no previous public access to information about these exhibits, so the second *Hubbard* factor weighs in favor of sealing and redaction. *Id.* at 318-20. The competitively sensitive information in the Walsh Motion belongs to Defendants and a third party, and has been designated Confidential or Highly Confidential.

The Parties have been meeting and conferring regarding confidentiality issues and are continuing that process. The Parties have also agreed to further processes relating to the treatment of confidential information, pending the Court's approval, via the process proposed in the Joint Pretrial Statement. For these reasons, the third *Hubbard* factor weighs in favor of sealing and redaction. *Hubbard*, 650 F.2d at 319-21. To the extent that public disclosure of competitively sensitive information could be used to alter how firms compete against one another, the United States has a strong interest in keeping such information confidential. *See id.* at 315-16 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). Therefore, the fourth *Hubbard* factor weighs heavily in favor of sealing and redaction. Since the competitively sensitive information in the Walsh Motion and its exhibits may, not necessarily will, be used, at trial, and because the Court may consider the information in these exhibits confidential and seal their contents when used at trial, any disclosure about the contents of these exhibits could prejudice Defendants' ability to compete against their rivals. For this reason, the fifth *Hubbard* factor weighs in favor of sealing and redaction. *Id.* at 320-22. Finally, to the extent that the Court will have the opportunity to review the exhibits in detail at the time they are used at trial, the Court will be able to address whether the information still warrants protection from public disclosure at that time. Therefore, the sixth *Hubbard* factor weighs in favor of sealing and redaction. *Id.* at 321-22.

    Under the *Hubbard* factors, the United States' interest in protecting the non-public information in the Walsh Motion and its exhibits outweighs the public's need to access that information. As discussed with the Court during the July 11, 2022 Status Conference, a redacted version of the Walsh Motion and public versions of Exhibits A and B to the Walsh Motion are attached to this Supplemental Brief. Defendants have full access to the redacted information.

For the above reasons, the United States respectfully requests that the Court grant its Motion to File Under Seal the Walsh Motion, Dkt. 96.

Respectfully submitted,

Dated: July 22, 2022

 /s/ John R. Read
John R. Read (DC Bar #419373)
United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Fax: (202) 514-7308
Email: john.read@usdoj.gov

*Counsel for Plaintiff United States of America*