UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

       *Plaintiff,*

  v.

**BERTELSMANN SE & CO. KGAA,
PENGUIN RANDOM HOUSE, LLC,
VIACOMCBS, INC., and
SIMON & SCHUSTER, INC.**,

       *Defendants*.

Civil Action No. 1:21-cv-02886 (FYP)

**STIPULATED ORDER ON
THE USE OF CONFIDENTIAL INFORMATION AT TRIAL**

    In order to facilitate a public trial while permitting the protection of Confidential Information as allowed under the Federal Rules of Civil Procedure, it is hereby ORDERED that all Parties and any third party receiving notice of this Order shall comply with each of the directives set forth below governing the disclosure at trial of information designated as "Confidential Information" or "Highly Confidential Information" pursuant to the Protective Order entered in this matter (Dkt. No. 38):

    1.  The Parties shall not disclose the identity of an author in public filings or in open court during trial in a manner that connects that author's identity to specific amounts offered, committed, or paid in connection with a book contract or any other specific financial details of an actual or proposed book contract (the "Financial Details"). To the extent protecting the author's identity requires the Parties to anonymize the identity of the author's agent, the Parties

will do so.  For clarity, Financial Details means the specific financial terms of a particular book deal, not high-level, non-specific statements about how much compensation an author has received from book publishing activities.  Examples of information that does not qualify as Financial Details include that a publisher's bid or that an author's advance was "multi-millions," "under $250,000," "over $250,000," "over $500,000," or "7-figures" and do not include matters that are already in the public domain.

      2.  When disclosing the Financial Details of a particular book contract in public filings or in open court, the Parties agree to use pseudonyms or otherwise mask the identity of the author.

      3.  Trial exhibits shown in open court or filed publicly that contain Financial Details—including publishing agreements—shall be redacted before filing on the public docket so that the author's identity cannot be connected to the author's Financial Details.

      4.  The Parties may disclose in open court analyses of industry data relying on aggregated information, such as cumulative totals, percentages, or comparisons among subgroups, only if, in those instances where any individual third-party publisher's or literary agency's Confidential or Highly Confidential Information can be individually identified, the third-party publisher's or literary agency's identity will be anonymized or redacted.  Notwithstanding anything in Paragraph 4 to the contrary, in those instances where Defendants' Confidential or Highly Confidential Information can be identified, the Parties shall meet and confer to discuss whether that information can be used in open court.

5. The Parties complied with Section IV of the Case Management Order (Dkt. No. 53) which (1) required each Party to inform non-parties of all confidential documents produced by non-party that are on that Party's exhibit list and all confidential deposition testimony of that non-party that have been designated by any Party; (2) permitted each non-party to provide notice whether it objects to the potential public disclosure at trial of any non-party documents and depositions, and (3) required Parties and non-parties to meet and confer regarding confidentiality of non-party documents on trial exhibit lists and non-party depositions.

6. This stipulation is intended to supplement, and does not supersede, any orders of the Court that govern the sealing of documents in this Action or that concern the public disclosure of Confidential or Highly Confidential Information in this Action.

7. With respect to Confidential or Highly Confidential Information designated by third parties, no later than 72 hours prior to the proposed use of a third party's documents or testimony in the examination of any witness at trial, the Party intending to use the documents or testimony shall contact the third party to meet and confer regarding what third party information cannot be disclosed in open court.  If the Parties cannot reach agreement during that meet and confer they shall, as soon as practicable, raise the issue with the Court.  Counsel for third parties that wish to raise confidentiality issues with the Court shall be permitted to do so remotely, either via Zoom or telephone.  Any such remote appearances shall be scheduled by contacting the Courtroom Deputy, Samantha Calloway, via email (Samantha_Calloway@dcd.uscourts.gov).

8. Parties shall not be required to provide advance notice to third parties of documents or testimony from third parties that are intended to be used for cross-examination or impeachment.

9.  In the event that any Party seeks to use in open court any information that it and a third party have agreed, or the Court has ordered, should not be publicly disclosed, that Party may use a Rosetta Stone process for presenting that information in court.  Any such Rosetta Stone exhibit shall be filed with the Court under seal at the close of trial.

**SO ORDERED.**

 

                                                    FLORENCE Y. PAN
                                                    United States District Judge

Date:   August 9, 2022