UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA

*Plaintiff,*

v.

BERTELSMANN SE & CO. KGaA,
PENGUIN RANDOM HOUSE, LLC,
VIACOMCBS INC., and
SIMON & SCHUSTER, INC.

*Defendants.*

---

Civil Action No. 1:21-cv-02886-FYP

**DEFENDANT SIMON & SCHUSTER, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Simon & Schuster, Inc. ("S&S"), through its undersigned counsel and pursuant to Rule 26 and Rule 36 of the Federal Rules of Civil Procedure, and Rule 26.2 of the Local Rules of the United States District Court for the District of Columbia, the Scheduling and Case Management Order (Dkt. No. 53) (the "CMO"), and the Stipulated Protective Order (Dkt. No. 38) (the "Protective Order"), hereby responds and objects to Plaintiff United States of America's ("Plaintiff") First Set of Requests for Admission to Defendant Simon & Schuster, Inc. dated April 1, 2022 (the "Requests"). The responses and objections set forth herein (the "Responses") are based upon the information presently available to S&S, and S&S expressly reserves the right to modify, supplement, or amend its Responses.

Highly Confidential                    1

US v. Bertelsmann
1:21-cv-0866-FYP
**PX 0882**

DOJ-LIT-000000915

## **GENERAL OBJECTIONS**

The following General Objections, except as otherwise indicated, apply to each Interrogatory, are incorporated by reference into each Response, and are in addition to the specific objections as applicable.

1. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it seeks to impose obligations on S&S that go beyond the obligations required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the CMO, or the Protective Order.

2. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it is vague and ambiguous, and to the extent that it is overly broad, unduly burdensome, or duplicative of other discovery.

3. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it seeks disclosure of material or information beyond the scope of permissible discovery, that is not relevant to the subject matter of this lawsuit, or that is not proportional to the needs of this case, in contravention of Federal Rule of Civil Procedure 26(b)(1).

4. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it seeks information protected by the work-product doctrine, the attorney-client privilege, the joint-defense privilege, or any other applicable protection and/or immunity recognized by the Federal Rules of Civil Procedure, federal statute, or any other applicable federal or state rule or law. S&S expressly reserves and claims all such protections and does not intend to waive any such protection. To the extent that privileged information is

disclosed, such disclosure is inadvertent and shall not be deemed a waiver of any privilege or protection.

5. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent that it seeks disclosure of information or material that is not within the possession, custody, or control of S&S, or not readily available to it. S&S responds to these Requests based upon information in its possession, custody, and control and reasonably available to it at the present time.

6. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it seeks confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information. To the extent S&S agrees to provide such information in response to these Requests, it does so only subject to the Protective Order governing this action.

7. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it seeks information subject to protective orders and/or confidentiality agreements between S&S and third parties. To the extent S&S agrees to provide such information, S&S will do so only subject to the terms of those protective orders and/or agreements.

8. S&S objects to each Request, including but not limited to the Instructions applied to each Request, to the extent it purports to require a search for information that is not readily accessible, that would be unduly burdensome, or would not be reasonably likely to yield non-duplicative, responsive material or information.

9. S&S objects to each Request, including but not limited to the Instructions applied to each Request, as premature to the extent it seeks expert discovery and/or to the extent it

purports to require S&S to marshal its evidence before trial. Discovery is ongoing, and such information will be provided in accordance with the CMO and the Federal Rules of Civil Procedure.

## OBJECTIONS TO THE INSTRUCTIONS AND DEFINITIONS

1. S&S objects to the Instructions to the extent they seek to impose duties or obligations on S&S that exceed the requirements of Federal Rules of Civil Procedure 26 or 36.

2. S&S objects to the definition of the terms "You," "Your," "the Company," and "Simon & Schuster, Inc." as overly broad to the extent it includes entities and individuals not party to this action and outside of S&S's control or seeks to impose discovery obligations on any persons or entity that is not a party to this proceeding. S&S construes these terms to mean Simon & Schuster, Inc.

Highly Confidential

DOJ-LIT-000000918

## RESPONSES & OBJECTIONS TO SPECIFIC REQUESTS

**REQUEST NO. 1:** Admit that, on ▬▬▬ 2021, Simon & Schuster offered a $375,000 advance for the book ▬▬▬▬▬▬▬▬▬▬ (*see* VCBS-LIT-00043433 (Canedy Lit Ex. 17), VCBS-LIT-0046997 (Canedy Lit Ex. 16)).

**RESPONSE TO REQUEST NO. 1:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 2:** Admit that, on ▬▬▬ 2020, Simon & Schuster offered a $450,000 advance for a book by ▬▬▬▬▬ (*see* VCBS-01919467).

**RESPONSE TO REQUEST NO. 2:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for a book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 3:** Admit that, on ▬▬▬ 2021, Simon & Schuster offered a $290,000 advance for the book ▬▬▬▬▬▬▬▬▬▬▬▬▬ (*see* VCBS-LIT-00603802 (Cheiffetz Lit Ex. 11)).

**RESPONSE TO REQUEST NO. 3:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

DOJ-LIT-000000919

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 4:** Admit that, on ▮▮▮▮▮ 2021, Simon & Schuster offered a $315,000 advance for the book ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* VCBS-LIT-00603802 (Cheiffetz Lit Ex. 11)).

**RESPONSE TO REQUEST NO. 4:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 5:** Admit that, on ▮▮▮▮▮ 2021, Simon & Schuster offered a $321,000 advance for the book ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* VCBS-LIT-00603802 (Cheiffetz Lit Ex. 11)).

**RESPONSE TO REQUEST NO. 5:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 6:** Admit that, on ▮▮▮▮▮ 2021, Simon & Schuster offered a $368,000 advance for the book ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*see* VCBS-LIT-00603802 (Cheiffetz Lit Ex. 11)).

**RESPONSE TO REQUEST NO. 6:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 7:** Admit that, on ▮▮▮▮▮ 2019, Simon & Schuster (Scribner) offered a $400,000 advance for the book ▮▮▮▮▮▮▮▮▮▮▮▮ (*see* VCBS-01602720 (Graham Lit Ex. 26)).

**RESPONSE TO REQUEST NO. 7:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for the book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 8:** Admit that, on ▮▮▮▮▮ or ▮▮▮▮▮ 2019, Simon & Schuster offered a $400,000 advance for a book by ▮▮▮▮▮▮▮▮▮ (*see* VCBS-00636809, VCBS-00639761, VCBS-00523887).

**RESPONSE TO REQUEST NO. 8:**

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for a book" are undefined.

Highly Confidential

DOJ-LIT-000000921

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 9:** Admit that, between ▮▮▮▮ 2019 and ▮▮▮▮ 2019, Simon & Schuster offered a $665,000 advance for a book by ▮▮▮▮ (*see* VCBS-LIT-00418758 (Karp Lit Ex. 17)).

**RESPONSE TO REQUEST NO. 9**:

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for a book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

**REQUEST NO. 10:** Admit that, between ▮▮▮▮ 2019 and ▮▮▮▮ 2019, Simon & Schuster offered a $750,000 advance for a book by ▮▮▮▮ (*see* VCBS-LIT-00418758 (Karp Lit Ex. 17)).

**RESPONSE TO REQUEST NO. 10**:

S&S incorporates by reference each objection set forth in its General Objections. S&S objects to the Request as vague and ambiguous because the terms "offered" and "advance for a book" are undefined.

Subject to and without waiving the foregoing objections, based on the documents referenced in this Request, admitted.

Dated: April 29, 2022

By: */s/ Stephen R. Fishbein*

Stephen R. Fishbein (appearing pro hac vice)
Jessica K. Delbaum (appearing pro hac vice)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
sfishbein@shearman.com
jessica.delbaum@shearman.com

Ryan Shores (DC Bar No. 500031)
Michael Mitchell (DC Bar No. 1531689)
**SHEARMAN & STERLING LLP**
401 9th Street, N.W., Suite 800
Washington, DC 20004
Telephone: (202) 508-8000
ryan.shores@shearman.com
michael.mitchell@shearman.com

Rachel E. Mossman (DC Bar No. 1016255)
**SHEARMAN & STERLING LLP**
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 271-5777
rachel.mossman@shearman.com

*Attorneys for Defendants Paramount Global (f/k/a ViacomCBS Inc.) and Simon & Schuster, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2022 I caused a true and correct copy of the foregoing to be served on the following individuals, pursuant to paragraph 19(a) of the Scheduling and Case Management Order entered by the Court on December 15, 2021:

John R. Read (DC Bar #419373)
Sarah H. Licht (DC Bar #1021541)
Jessica N. Leal

United States Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 725-0165
Fax: (202) 514-7308
john.read@usdoj.gov
sarah.licht@usdoj.gov
jessica.leal@usdoj.gov

*Attorneys for Plaintiff*

Daniel M. Petrocelli (appearing pro hac vice)
M. Randall Oppenheimer (appearing pro hac vice)
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 553-6700
dpetrocelli@omm.com
roppenheimer@omm.com

Andrew J. Frackman (appearing pro hac vice)
Abby F. Rudzin (appearing pro hac vice)
Eamonn W. Campbell
**O'MELVENY & MYERS LLP**
Seven Times Square
New York, NY 10026
Telephone: (212) 326-2000
afrackman@omm.com
arudzin@omm.com
ecampbell@omm.com

Julia Schiller (appearing pro hac vice)
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
jschiller@omm.com

Deborah L. Feinstein (D.C. Bar No. 412109)
**ARNOLD & PORTER**
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
debbie.feinstein@arnoldporter.com

*Attorneys for Defendants Bertelsmann SE & Co. KGaA and Penguin Random House LLC*

/s/ *Stephen R. Fishbein*
Stephen R. Fishbein